Petition for Writ of Mandamus Denied and Memorandum Opinion filed May
27, 2008








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed May 27, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00384-CV

____________

 

IN RE MICHAEL SPEED, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On May
8, 2008, relator, Michael Speed, filed a petition for writ of mandamus in this
court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52. 
In the petition, relator asks this court to compel the Honorable William C.
Kirkendall, presiding judge of the 25th District Court of Colorado County, to
(1) rule on his motion for entry of a nunc pro tunc judgment, motion to compel,
request for a hearing on his motion, and request for findings of fact and
conclusions of law; and (2) enter a nunc pro tunc judgment regarding the
failure to reference relator=s previous plea of Anot guilty@ or the commencement of a jury trial
in the November 23, 1992 judgment on the aggravated robbery conviction based on
relator=s plea of guilty.  








A[M]andamus may be appropriate to impel the consideration of a
motion, the issuance of a ruling, an entry of a judgment or other act, the
doing of which is not discretionary.@  White v. Reiter, 640 S.W.2d
586, 594 (Tex. Crim. App. 1982).  Consideration of a motion properly filed and
before the court is ministerial.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987).  However, we may not instruct the trial
court on how to rule on a properly filed motion.  In re Hearn, 137
S.W.3d 681, 685 (Tex. App.CSan Antonio 2004, orig. proceeding).  The relator establishes
an abuse of discretion if the trial court (1) had a legal duty to rule on the motion;
(2) was asked to rule on the motion; and (3) failed or refused to rule on the
motion.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.CWaco 2003, orig. proceeding). 
However, the trial court has a reasonable time in which to rule.  In re
Villarreal, 96 S.W.3d 708, 711 (Tex. App.CAmarillo 2003, orig. proceeding). 
What constitutes a reasonable time depends on the facts and circumstances of
the particular case.  In re Salazar, 134 S.W.3d 357, 358 (Tex. App.CWaco 2003, orig. proceeding).  

Relator
filed his motion for entry of a judgment nunc pro on January 23, 2008; proposed
order on February 7, 2008; request for a hearing on February 22, 2008; motion
to compel a ruling on March 12, 2008; and request for findings of fact and
conclusions of law on April 3, 2008.  Relator filed his petition for  mandamus
on May 8, 2008.  We conclude that relator has not demonstrated that a period of
approximately three and one-half months since the filing of relator=s motion for entry of a nunc pro tunc
judgmentCthe oldest motionCis an unreasonable amount of time for
that motion to be pending before the trial court such as to warrant mandamus
relief.  








The
certificate of service on each of relator=s motions shows that he mailed those
motions to the District Clerk of Colorado County.  However, filing a motion
with the district clerk does not show that the trial court is aware of it.  In
re Villarreal, 96 S.W.3d at 710 n.2.  Nor is the clerk=s knowledge imputed to the trial
court.  In re Hearn, 137 S.W.3d at 685; In re Villarreal, 96
S.W.3d at 710 n.2.  Therefore, it is incumbent on relator to show that the
trial court received the motion.  See In re Villarreal, 96 S.W.3d at 710
n.2.  

Relator
further requests that we compel respondent to enter the nunc pro tunc
judgment.  AAn act is ministerial >when the law clearly spells out the duty to be
performed . . . with such certainty that nothing is left to the exercise of
discretion or judgment.=@  State ex rel. Healy v. McMeans,
884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (quoting Tex. Dep=t of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981)).  A court of appeals abuses its discretion in granting a mandamus
when the act sought to be compelled is not ministerial.  State ex rel. Hill
v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim.
App. 2001).  We may not compel respondent to enter a nunc pro tunc judgmentCa discretionary act.  

Finally,
relator has not provided a sworn or certified copy of the mandamus record as
required by Rule 52.7(1) of the Texas Rules of Appellate Procedure.  Tex. R.
App. P. 52.7(1).  

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.  

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed May 27, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.