COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JOE ROWE, | | No. 08-09-00001-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court |
| | § | |
| KARA LANE WATKINS, | | of Jeff Davis County, Texas |
| | § | |
| Appellee. | | (TC # 293) |
| | § | |

**MEMORANDUM OPINION ON MOTION**

Joe Rowe has filed a motion in the above-styled and numbered appeal asking that we compel the trial court to enter judgment and to rule on Appellant's motion filed pursuant to Texas Rule of Appellate Procedure 24 to determine the type and amount of security which Rowe must post to suspend enforcement of the judgment. Appellee, Kara Lane Watkins, has filed a response to Rowe's motion. She has also requested that we dismiss the appeal for want of jurisdiction because the trial court has not entered an appealable order or final judgment. We deny Watkins' motion to dismiss and grant Rowe's motion for relief.

**FACTUAL SUMMARY**

The underlying dispute between Rowe and Watkins concerns ownership of a dog, Sara. The justice court ruled in Rowe's favor, awarding him possession of Sara, and Watkins appealed to the county court. A jury then determined that Watkins had neither given Sara to Rowe nor abandoned her. After the jury was dismissed, the county court immediately ordered Rowe to deliver the dog to Watkins. Rowe's attorney objected to immediate enforcement of the judgment, expressing an intent to appeal and supersede the judgment with a proper bond. The trial court overruled these objections

and gave Rowe brief period of time to surrender Sara. When Rowe returned to the sheriff's office with the dog, he asked what would happen if he did not turn her over. A deputy sheriff responded that he would be arrested pursuant to an order of the county judge. Rowe's counsel was present when this exchange occurred. Under threat of arrest, Rowe delivered Sara to Watkins.

The following day, Rowe filed an objection to enforcement of the judgment and requested that the court determine the type of security required to suspend the judgment under Rule 24.2(2) of the Texas Rules of Appellate Procedure. Rowe also filed a motion for judgment notwithstanding the verdict and a motion for new trial. Those were overruled by operation of law on February 23, 2009. Rowe then filed a premature notice of appeal. *See* TEX.R.APP.P. 27.1(a). The trial court has not entered a written judgment, nor has it ruled on Rowe's request to determine the type and amount of security required to permit suspension of the judgment.

The clerk's record and the reporter's record have been received but have not yet been filed by the Clerk of this Court because the appellate record does not include a written judgment or other appealable order. Accordingly, on January 14, 2009, we notified Rowe that his appeal would be dismissed for want of jurisdiction. Rowe responded by filing the motion which is the subject of this opinion. Watkins filed a response faulting Rowe for the trial court's failure to enter judgment and asking us to dismiss the appeal.

## WATKINS' MOTION TO DISMISS

Watkins requests that we dismiss the appeal for want of jurisdiction because the trial court has not entered a written judgment. Watkins is correct that our jurisdiction is contingent on the existence of a final judgment or appealable order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). But Rule 27.1 of the Rules of Appellate Procedure provides: "In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that

begins the period for perfecting the appeal." TEX.R.APP.P. 27.1(a). The record before us establishes that a jury verdict has been rendered and all post-trial motions have been overruled by operation of law. Rowe has filed a premature notice of appeal and he has acted diligently to preserve his right to an appeal in this case. When a premature notice of appeal is filed, it is the policy of the court to permit the trial court a reasonable opportunity to enter a written judgment. Therefore, we decline to dismiss the appeal at this juncture. We turn now to Rowe's motion to compel the trial court to enter judgment and to rule on Rowe's motion to determine the type of security required. We have construed Rowe's motion as requesting mandamus relief.

## FAILURE TO RENDER JUDGMENT AND
## RULE ON PENDING MOTION

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate he has no adequate remedy by appeal. *Id*. at 135-36.

Mandamus may be appropriate to compel the consideration of a motion, the issuance of a ruling, or entry of a judgment. *White v. Reiter*, 640 S.W.2d 586, 594 (Tex.Crim.App. 1982). The Rules of Civil Procedure require a county court judge to render a judgment. *See* TEX.R.CIV.P. 300, 301. The trial court has a reasonable time in which to rule on a motion or enter judgment. *See In re Villarreal*, 96 S.W.3d 708, 711 (Tex.App.--Amarillo 2003, orig. proceeding). What constitutes a reasonable time depends on the facts and circumstances of the particular case. *In re Salazar*, 134 S.W.3d 357, 358 (Tex.App.--Waco 2003, orig. proceeding).

Under ordinary circumstances, we likely would not consider a delay of three months to be unreasonable. But here, the delay must be considered in light of the trial court's decision to

immediately enforce a "judgment" which has yet to be rendered and the court's express refusal to rule on Rowe's motion to determine the type of security he must post. Because the trial court has not entered a written judgment, Rowe is prevented from appealing the merits of the case or raising on appeal the trial court's noncompliance with Rule 24. It is under these circumstances that we find the trial court has clearly abused its discretion by failing to enter a written judgment and by failing to rule on Rowe's motion to determine security. Moreover, Rowe does not have an adequate remedy by appeal. Accordingly, we grant Rowe's motion for an order directing the trial court to enter judgment and to rule on Rowe's Rule 24.4 motion. The Judge of the County Court of Jeff Davis County is directed to enter a written judgment within thirty days from the date of this opinion. Additionally, the County Court Judge is directed to rule on Rowe's Rule 24.4 motion. We are confident the County Court Judge will comply with these directives and the writ of mandamus will only issue if he fails to do so.

August 26, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.