**Petition for Writ of Mandamus Granted and Memorandum Opinion filed June 18, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00419-CV**

---

**IN RE ABC ASSEMBLY LLC, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-64733**

---

## MEMORANDUM OPINION

On May 17, 2019, relator ABC Assembly LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ursula A. Hall, presiding judge of the 165th District Court of Harris County, to rule on

relator's motion for entry of judgment on the jury's verdict, which was last heard by Judge Hall on October 12, 2018.

We conditionally grant relief.

## BACKGROUND

ABC Assembly filed suit against Microwave Networks, Inc. in November 2014, seeking damages for breach of contract, negligent misrepresentation, promissory estoppel, and fraud. On June 1, 2018, the jury rendered a verdict in favor of ABC Assembly.

ABC Assembly filed a Motion for Entry of Judgment (the "Motion") on June 14, 2018, with a submission date of June 25, 2018.

Microwave Networks filed its response and a motion for judgment notwithstanding the verdict on June 21, 2018, which raised issues regarding the jury charge, the verdict, the contract's limitations on damages, ABC Assembly's alleged lack of proof of misrepresentation, and the damage calculations. Microwave Networks set that motion for oral hearing and ABC Assembly did the same on its Motion.

Judge Hall conducted an oral hearing on the motions on September 20, 2018, and a second oral hearing on October 12, 2018, after which Judge Hall stated that she expected to rule by the end of October.

ABC Assembly filed a letter with Judge Hall on January 24, 2019, reminding her that the Motion was still pending and requesting a ruling. This letter also included

a new proposed judgment with changes regarding the awards for pre- and post-judgment interest. The record also shows that ABC Assembly made three phone calls to the court's clerk or coordinator in March and April of 2019 to ask about the status of the Motion.

Approximately eight months has passed since the last hearing on the Motion.

## MANDAMUS STANDARD

There are generally three prerequisites for the issuance of a writ of mandamus: (1) the lower court must have a legal duty to perform a nondiscretionary act; (2) the relator must make a demand for performance; and (3) the subject court must refuse that request. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act.[1] A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding). A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested. *In re Foster,* 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). The record must show that the motion was filed and brought to the attention of the judge for a ruling,

---

[1] *See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157 (Tex. 1992) (mandamus conditionally issued to compel trial court to conduct a hearing); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding); *In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.).

and the judge has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster*, 503 S.W.3d at 607; *In re Flanigan*, No. 14-18-01116-CR, __S.W.3d __, 2019 WL 2062801, at *1 (Tex. App.—Houston [14th Dist.] May 9, 2019, orig. proceeding).

What constitutes a reasonable time depends on the facts and circumstances of the particular case. *In re Salazar*, 134 S.W.3d 357, 358 (Tex. App.—Waco 2003, orig. proceeding). Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court's inherent power to control its own docket must also be given due consideration. *Id*. at 228.

## ANALYSIS

We are guided by three decisions as to what constitutes a reasonable time rule. First, in *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (mem. op.), our court held that Judge Hall abused her discretion by failing to rule on an unopposed motion to confirm arbitration award that had been pending for approximately four months, where the motion was unopposed and the delay in ruling was causing substantial harm. Second, in *In re Harris County Appraisal Dist*., No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.), our court

4

held that Judge Hall's six-month delay in ruling on a plea to the jurisdiction was unreasonable and an abuse of discretion. Third, in *In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 158 (Tex. App.—El Paso 2017, orig. proceeding), the court of appeals held the trial judge abused his discretion by failing to rule on a motion for judgment because it had "been almost one year since the jury rendered its verdict, more than eight months since the trial court conducted the hearing on Mesa's motion [for judgment] and the other post-verdict motions, and more than seven months since the parties submitted the post-verdict briefs." Although the case involved complicated issues, a lengthy trial record, and over 1,000 pages of post-verdict briefing, the court of appeals "conclude[d] that more than eight months is a reasonable period of time in which to rule on the parties' post-verdict motions and render judgment in this case." *Id.* at 159.

Judge Hall knows the Motion is pending because she conducted two oral hearings on the Motion. After the second hearing on October 12, 2018, Judge Hall stated that she expected to rule by the end of October 2018. Counsel sent a letter to Judge Hall on January 24, 2019, stating that the Motion remained pending and requesting a ruling.

The record does not show any special docket conditions or the existence of other matters preventing a ruling on the Motion. It has been nearly a year since the jury returned a verdict. Almost eleven months has passed since the Motion was set for submission on June 25, 2018, and almost eight months has passed since the second oral hearing on October 12, 2018. As much or more time has passed in this case than the delays which our court and the El Paso Court of Appeals found to be unreasonable in *In re* Coffey, *In re Harris County Appraisal Dist.*, and in *In re Mesa*.

5

Microwave Networks, however, argues that it is reasonable for Judge Hall to not yet have ruled given the complicated nature of this case, competing motions and multiple proposed judgments. For example, Microwave Networks asserts that some of the jury's answers are favorable to it and some appear to be in conflict. Moreover, ABC Assembly submitted a new proposed judgment on January 24, 2019.

But, according to Microwave Networks, the changes proposed in the January 24, 2019 judgment pertain to the awards for pre- and post-judgment interest.[2] Verifying the calculation of pre- and post-judgment interest generally are not complicated matters that should result in substantial delay.

## CONCLUSION

Although deciding the judgment here is arguably more complicated than the typical case, Judge Hall has had more than sufficient time to decide the issues raised by the parties' motions and promised to do so by the end of October. Judge Hall's memory of the arguments presented at the October 12 hearing will continue to fade and further delay will likely prejudice all the parties. We conclude Judge Hall's approximately eight-month delay in ruling on the Motion since the October 12 hearing is unreasonable and constitutes an abuse of discretion.

We therefore conditionally grant the petition for writ of mandamus and direct Judge Hall to rule on the Motion by July 12, 2019. We are confident she will act in

---

[2] Neither party has included the January 24, 2019 proposed judgment in the record.

accordance with this opinion. The writ of mandamus shall issue only if she fails to do so.

PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Zimmerer.