**In re C. Joseph SALAZAR II.**

**No. 10–03–257–CV.**

Court of Appeals of Texas, Waco.

Dec. 10, 2003.

C. Joseph Salazar, Gatesville, pro se.

Deven K. Desai, Asst. Atty. Gen., Austin, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Judge ALLEN (Sitting by Assignment).[1]

**OPINION**

TOM GRAY, Chief Justice.

C. Joseph Salazar II brought a petition for writ of mandamus in this Court alleg-

1. George Allen, Judge of the 54th District Court of McLennan County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h) (Vernon Supp.2004).

ing that Respondent has failed to consider and rule on Salazar's Motion to Compel Enforcement of a Rule 11 Agreement. We conditionally grant the writ of mandamus.

### DISCUSSION OF THE ISSUE

■ The general substance of the motion at issue has been the subject of a prior mandamus proceeding. *In re Salazar*, No. 10–02–318 CV (Tex.App.-Waco Dec. 31, 2002, orig. proceeding) (not designated for publication). The underlying suit in both mandamus proceedings was filed in 1994. The motion at issue in the 2002 mandamus proceeding was a motion to compel discovery. This Court directed the trial court to rule on Salazar's motion to compel discovery within twenty days of the date of that opinion.

An order of mandamus was not ultimately issued as a result of that proceeding because the parties entered into a Rule 11 agreement on the merits of the discovery issue presented. The motion that is the subject of the current petition for mandamus asks the trial court to enforce that Rule 11 discovery agreement. That motion was filed May 5, 2003. On June 17, 2003, Salazar filed a notice advising the trial court of his intent to seek a mandamus if the motion was not ruled upon. Salazar filed his petition for a writ of mandamus with this Court on August 4, 2003.

■ We have previously held that a trial court has no discretion whether it will consider and rule upon properly filed motions. *In re Taylor*, 39 S.W.3d 406, 411 (Tex.App.-Waco 2001, orig. proceeding)(disapproved on other grounds, *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003)); *In re Salazar*, No. 10–02–318–CV (Tex. App.-Waco Dec. 31, 2002, orig. proceeding) (not designated for publication). When a trial court has clearly had the opportunity to rule, and has failed or refused to rule,

especially on a discovery issue such as that presented here, that is the proper subject of an order of mandamus. *See Taylor*, 39 S.W.3d at 414; *Salazar*, No. 10–02–318– CV.

■ We do not tell the trial court how to rule. And there is no magic to a certain number of days, weeks, or months that a motion may be held before it is considered and ruled upon. Each must be determined based upon the particular facts and circumstances. But the trial court cannot delay the progress of litigation by indefinitely postponing the consideration of, and ruling on, a motion. The Texas Supreme Court has given guidance to district court judges in this area, specifying that in civil cases other than family law cases, a jury case should be brought to trial or disposition within 18 months and a nonjury case within 12 months. *See* TEX.R. JUD. ADMIN. 6(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon 1998). Thus, factors that are critical in this proceeding include the length of time the underlying suit has already been pending and the nature of the motion, specifically a motion regarding a discovery issue.

We requested a response in this case, but received none. Without a response, all that this record indicates is that over seven months have passed with no hearing or ruling on the motion to enforce the Rule 11 discovery agreement and nine years have passed since the filing of the underlying suit. There is *nothing* to show that a failure to rule in this amount of time is anything other than an abuse of discretion. In other words, the record before this Court supports only the conclusion that a hearing and ruling on the motion to enforce the agreement should have been accomplished by now. That is all that Salazar asks from the trial court. The trial court has abused its discretion by failing to consider and rule on the motion.

### CONCLUSION

We conditionally grant the requested writ of mandamus. We are confident that the Respondent will promptly consider and rule on Salazar's May 5 motion to enforce the Rule 11 discovery agreement. The writ will issue if the Respondent fails to advise this Court within thirty days of the date of this opinion that he has ruled on the motion.