**In re Bruce K. BANNISTER.**

**No. 10–06–00396–CR.**

Court of Appeals of Texas,
Waco.

March 28, 2007.

Bruce K. Bannister, Tennessee Colony, pro se.

Bill R. Turner, Brazos County Dist. Atty., for appellee.

## CONCURRING OPINION

TOM GRAY, Chief Justice.

Bannister asked this Court to compel the trial court to rule on a motion filed over one year ago. We requested a response. *See* Tex.R.App. P. 52.4. The State's response is that the subject of the motion, whether Bannister's criminal judgment improperly contains a deadly weapon finding, has already been litigated and Bannister lost. The State then provides an excellent summary of the history of the repeated litigation of that issue with attached documents, including a petition for writ of habeas corpus and a prior petition for writ of mandamus. *Ex parte Bannister*, WR–27,954–01 (Tex.Crim.App. Feb. 15, 1995) (not designated for publication); *In re Bannister*, No. 14–02–00658–CV (Tex.App.-Houston [14th Dist.] July 11, 2002, orig. proceeding) (not designated for publication).

The problem with the State's response, if any, is that it does not directly address the subject of Bannister's petition for writ of mandamus. The issue now presented to

us by Bannister is whether the trial court should be compelled to rule on a motion that has been pending for over a year. By denying the petition without discussion or elaboration, Justice Vance's memorandum opinion has resolved nothing.

This proceeding provides an appropriate opportunity to clarify that a trial court may not ever have to rule on a filed motion. We should take this opportunity to explain why.

We have held that the trial court has a ministerial duty to timely rule on a motion requesting relief. *In re Salazar*, 134 S.W.3d 357, 358 (Tex.App.-Waco 2003, orig. proceeding); *In re Taylor*, 39 S.W.3d 406, 414 (Tex.App.-Waco 2001, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 248 (Tex.App.-Waco 2000, orig. proceeding) (disapproved on other grounds, *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex.2003)). We have stated no exceptions. While we have held that the trial court is accorded a reasonable time period in which to rule, *In re Nabelek*, No. 10–06–00241–CV, 2007 WL 416392, 2007 Tex.App. LEXIS 926 (Tex.App.-Waco Feb. 7, 2007, orig. proceeding) (memo.op.); *In re Davis*, No. 10–06–00285–CV, 2006 WL 3028165, at *1, 2006 Tex.App. LEXIS 9263, *1 (Tex.App.-Waco Oct.25, 2006, orig. proceeding) (memo.op.); *In re Keeter*, 134 S.W.3d 250, 253 (Tex.App.-Waco 2003, orig. proceeding), we have never stated that as to some motions, no ruling at all is necessary.[1]

This proceeding provides an example of when the trial court need not ever rule on a pending motion. I would affirmatively hold that if the issue that is the subject of the motion has previously been litigated, as has the issue that is the subject of the

---

1. The Texas Supreme Court has left the door open to the possibility of allowing a trial court to forego ruling on an inmate's request for a bench warrant if the request itself does not establish the need for the inmate's appearance. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex.2003).

motion pending in the trial court which is the subject of this proceeding, the trial court does not have a ministerial duty to rule on the motion, ever. No amount of time can pass after which the trial court should be compelled to rule on the pending motion. To hold otherwise would be to require a trial court to repeatedly engage in a useless act by requiring the trial court to repeatedly decide the same issue. Accordingly, because the issue presented in the pending motion has already been litigated, I concur in this Court's judgment denying the petition for writ of mandamus seeking to compel the trial court to rule on a motion that has been pending for over one year.