**In re Vaughn BIRDWELL.**

**No. 10–06–00385–CR.**

Court of Appeals of Texas,
Waco.

May 23, 2007.

---

Vaughn Birdwell, Gatesville, pro se.

John Segrest, McLennan County Dist. Atty., Waco, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REHEARING

BILL VANCE, Justice.

Vaughn Birdwell, who was sentenced to life in prison after being convicted of first degree murder, filed a motion for DNA testing on July 12, 2006, in the 54th District Court of McLennan County. He suggests that testing of a knife and swab samples from a rape kit will show that he did not attack, rape, or cause the death of the victim.

When the trial court did not rule on his motion, he filed this original proceeding asking us to order the Honorable George Allen, Judge of the 54th District Court to rule. No record was filed with the petition, and we denied it. *In re Birdwell*, No. 10–06–00385–CR, 2006 Tex.App. LEXIS 10544, 2006 WL 3591119 (Tex.App.-Waco December 6, 2006, orig. proceeding) (not designated for publication).

Birdwell then filed a "notice of appeal," which we docketed as No. 10–07–00020–CR and dismissed. On further review, we concluded that the notice of appeal was in the nature of a motion for rehearing. *See Ex parte Birdwell*, No. 10–06–00385–CR, 2007 Tex.App. LEXIS 2348, 2007 WL 900634 (Tex.App.-Waco, March 21, 2007, order) (also filed as a Memorandum Opinion in No. 10–07–00020–CR).[1] We ordered the Clerk to file it as a motion for rehearing in this cause on the date it was received, December 18, 2006. We also ordered that all documents filed in Cause No. 10–07–00020–CR be transferred to this cause, and rehearing was granted. *See id.*

### Duty to Rule

Birdwell asks us require the trial court to rule. The State argues that there is no ministerial duty to rule on a motion that has been denied twice. The record in this proceeding compels us to disagree with the State.

 An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex.Crim.App.1987). A ministerial act is one which is accomplished without the exercise of discretion or judgment. *Id.* Deciding how to rule is not a ministerial act. *Id.* Although we may compel a court to consider a motion, we do not require that the judge rule in a certain way. *Id.* A trial court has a ministerial duty to timely rule on a motion requesting relief. *See, e.g., In re Salazar,* 134 S.W.3d 357, 358 (Tex.App.-Waco 2003, orig. proceeding).

### Petition for Writ of Mandamus

 The Court of Criminal Appeals says that "Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing...." *Ex parte Baker,* 185 S.W.3d 894, 897 (Tex.Crim.App.2006). Based on the record before us, we are unable to determine whether the trial court ever required a response from the State to Birdwell's motion, as mandated by Chapter 64. Consequently, we cannot determine whether there is biological material subject to DNA testing or whether the statute has been complied with.

As the State points out, on January 1, 2007, Judge Allen was replaced by the Honorable Matt Johnson as Judge of the 54th District Court. Because this pro-

1. The order recites the extensive history of Birdwell's attempts to obtain DNA testing.

ceeding has been pending since before that date, Judge Johnson has not had a reasonable opportunity to consider Birdwell's motion. Accordingly, Birdwell's petition for writ of mandamus is denied without prejudice to Birdwell's right to seek mandamus relief in the event Judge Johnson does not comply with Chapter 64 of the Texas Code of Criminal Procedure and timely rule on Birdwell's motion for DNA testing.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice concurring on rehearing.

Watch closely. The majority uses the word "deny" to rule on the petition for mandamus. But that is not what they are really doing.

Read closely. The "Duty to Rule" section has nothing to do with the majority's reason for denial of the petition. If you stopped reading there, or even at the end of the first paragraph under the "Petition for Writ of Mandamus," most readers would predict that the majority was going to issue the mandamus and compel the trial court to rule on the motion.

Read more closely. The stated reason for the denial has nothing to do with prior proceedings. It has nothing to do with the merits of the petition at all. The majority wants to avoid ruling on the issue that should be the focus of this proceeding and instead concludes that the new judge on the court has not had a reasonable opportunity to consider Birdwell's motion. Balderdash and pure poppy-cock!

This trial judge has been on the bench for over four months. If he was going to rule on the motion, he surely would have done so by now.

Read between the lines. What the majority so desperately wants to avoid is holding that there are times when a trial court need not rule on a pending motion.

Otherwise, they would just deny it, as they did before. Both of the other justices joined me in the initial denial of the petition. If it was because there was no record, we should do so again, because there is still no record to support any relief for Birdwell.

To assist you in reading between the lines, there is a little history you need to know. I know the majority is trying to hoodwink the reader because they do not do here what we have done in a similar situation in the past.

In 2003, when a pro se prisoner filed a mandamus against the former 87th Judicial District Court Judge, the Honorable Sam Bournias, this Court abated the proceeding so that the prisoner could present his complaint to the newly elected 87th Judicial District Court Judge, the Honorable Deborah Oakes Evans. *In re Whitfield,* 134 S.W.3d 314 (Tex.App.-Waco 2003, order). And, in 2005, when a judge assigned for a particular day had rendered an order, this Court abated the mandamus proceeding so that the relator could present his complaint to the elected judge of the 66th Judicial District Court, the Honorable F.B. McGregor, Jr. *In re McDaniel,* No. 10–04–00166–CV (Tex.App.-Waco Oct. 5, 2005, order) (not designated for publication).

So what the majority is really doing, is threatening a trial judge that if you do not rule on the pending motion, we will grant Birdwell's next mandamus. Thus, they duck the important issue. I would not.

What follows is my analysis of the critical issue of whether the trial court can be compelled to repeatedly rule on the same motion if we are unable to tell, based upon the record presented, whether there is any distinction between the current motion and other motions previously filed and ruled upon.

Vaughn Birdwell was convicted of first degree murder and sentenced to life in prison in January of 1996. The murder involved the violent stabbing death of a female victim. His conviction was affirmed by this Court. *Birdwell v. State,* No. 10–96–032–CR (Tex.App.-Waco Jan. 22, 1997, pet. ref'd) (not designated for publication). Since then, Birdwell has filed three successive motions for DNA testing. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01 et. seq (Vernon 2006). He is now before us on a petition for writ of mandamus complaining that the trial court has not ruled on the third motion. The petition for writ of mandamus should be denied.

## BACKGROUND

Birdwell's first pro-se motion for DNA testing was filed in March of 2001. In that motion, Birdwell contended that he was attacked by a third party and that there was blood on the carpet at the scene, hair and semen samples, blood on a knife, and evidence under the victim's fingernails that could have been tested and that would show a third person was involved in the murder. Birdwell also requested an attorney to be appointed. The trial court denied both the motion for an appointed attorney and the motion for DNA testing. Birdwell did not appeal the trial court's rulings.

In June of 2001, less than a month after the trial court's ruling on his initial motion, Birdwell filed a second pro-se motion for DNA testing. This time, he requested testing on "[e]vidence containing Irene Mitchell's (Victim) DNA" and a pocket knife. One month later, an attorney was appointed to represent Birdwell on his second motion. Two and a half years later, and prior to any ruling on the motion for DNA testing, Birdwell's counsel filed a motion to withdraw as the attorney of record citing the attorney's workload as the reason for the request. The second motion for DNA testing was denied on February 19, 2004. Counsel's motion to withdraw was not granted until April of 2004.

Birdwell timely appealed the trial court's denial of his DNA motion and requested the appointment of an attorney. Almost a year later, this Court abated the appeal and directed the trial court to appoint an attorney to represent Birdwell in his appeal. *Birdwell v. State,* No. 10–04–00059–CR (Tex.App.-Waco Feb. 9, 2005, order) (not designated for publication). The trial court appointed an attorney for Birdwell in early March of 2005. In the direct appeal from the trial court's denial of the DNA motion, Birdwell argued that the trial court erred in not ruling on his attorney's motion to withdraw prior to ruling on the merits of his motion for DNA testing. The Court, with Justice Vance authoring the opinion, affirmed the trial court's judgment, finding there was no abuse of discretion by the trial court in not granting the motion to withdraw until it had ruled upon Birdwell's motion for DNA testing. *Birdwell v. State,* No. 10–04–00059–CR, 2005 Tex.App. LEXIS 4880, *3, 2005 WL 1480199, at *1 (Tex.App.-Waco June 22, 2005, pet. ref'd) (mem.op.). The Court of Criminal Appeals refused to consider Birdwell's petition for discretionary review of this Court's decision. *In re Birdwell,* 2005 Tex.Crim.App. LEXIS 1636 (Tex.Crim.App. Sept. 14, 2005) (not designated for publication).

Birdwell filed a third pro-se motion for DNA testing with the trial court on July 12, 2006. In this motion, he requested DNA testing on the knife and swab samples from the rape kit to show that he did not attack, rape, or cause the death of the victim. After numerous inquiries to the district clerk and two motions to the trial

court requesting a ruling on his DNA motion, Birdwell presented a petition for writ of mandamus requesting us to require the trial court to rule on Birdwell's third motion for DNA testing.[1] No record was filed with the petition. *See* TEX.R.APP. P. 52.7. In an opinion authored by Chief Justice Gray, and without explanation of the reason(s), the Court denied Birdwell's petition. *In re Birdwell,* No. 10–06–00385–CR, 2006 Tex.App. LEXIS 10544, 2006 WL 3591119 (Tex.App.-Waco Dec. 6, 2006, orig. proceeding) (not designated for publication).

Not satisfied with the result reached, Birdwell filed in this Court a notice of appeal and an appellant's brief. We forwarded the notice of appeal, brief, and petition for writ of mandamus to the Court of Criminal Appeals because it appeared Birdwell was requesting a review of this Court's denial of his petition for writ of mandamus. The Clerk of the Court of Criminal Appeals returned the documents to this Court, stating in a letter that a petition for discretionary review may not be taken from the denial of mandamus relief and citing *Jacolos v. State,* 692 S.W.2d 724 (Tex.Crim.App.1985). Upon its return to this Court from the Court of Criminal Appeals, our Clerk took the documents at face value and docketed the notice of appeal as a new appeal and assigned a new docket number, 10–07–00020–CR, to the appeal. *See* TEX.R.APP. P. 12.1.

Upon further review, we concluded that the "Notice of Appeal" was actually a motion for rehearing. *Ex parte Birdwell & In re Birdwell,* Nos. 10–07–00020–CR & 10–06–00385–CR, 2007 Tex.App. LEXIS 2348, 2007 WL 900634 (Tex.App.-Waco,

March 21, 2007, mem. op. & order, no pet. h.). We then ordered the Clerk of this Court to file it as such as of the date it was originally presented to the Clerk, December 18, 2006, in number 10–06–00385–CR. We also determined that because the motion for rehearing was presented for filing within fifteen days from the date of the denial of Birdwell's petition for writ of mandamus, it was timely presented. *See* TEX.R.APP. P. 49.1.

The original proceeding docketed under number 10–06–00385–CR was reinstated and all documents, including the record, filed in 10–07–00020–CR were transferred to 10–06–00385–CR with a copy of the Court's memorandum opinion and order to be retained in 10–07–00020–CR to explain the location of the contents of that proceeding. We also dismissed the appeal set up as docket number 10–07–00020–CR, granted Birdwell's motion for rehearing, and requested a response from the State to the petition for writ of mandamus.

## REHEARING ON PETITION FOR WRIT OF MANDAMUS

By his petition, Birdwell wants us to compel the trial court to rule on his third motion for DNA testing. The State argues that there is no ministerial duty for the court to rule on a motion that it has denied twice before. We generally agree with the State.

"An act is 'ministerial' if it constitutes a duty clearly fixed and required by law ... [A] 'ministerial' act is one which is accomplished without the exercise of discretion or judgment." *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex.Crim.App.1987). But deciding how to rule after considering a motion is *not* a ministerial act. *Id.* (Emphasis added). Although a court may be

---

1. Birdwell has filed several previous petitions for writs of mandamus regarding his motions for DNA testing. For more detail regarding those proceedings see *Ex parte Birdwell & In re Birdwell,* Nos. 10–07–00020–CR & 10–06–00385–CR, 2007 Tex.App. LEXIS 2348, 2007 WL 900634 (Tex.App.-Waco, March 21, 2007, mem. op. & order, no pet. h.).

compelled to consider a motion, mandamus or prohibition is not available to require that the judge rule a certain way on that motion. *Id.*

We have held that a trial court has a ministerial duty to timely rule on a motion requesting relief. *In re Salazar*, 134 S.W.3d 357, 358 (Tex.App.-Waco 2003, orig. proceeding); *In re Taylor*, 39 S.W.3d 406, 414 (Tex.App.-Waco 2001, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 248 (Tex.App.-Waco 2000, orig. proceeding) (disapproved on other grounds, *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex.2003)). We have stated no exceptions. While we have held that the trial court is accorded a reasonable time period in which to rule, *In re Nabelek*, No. 10-06-00241-CV, 2007 Tex.App. LEXIS 926, 2007 WL 416392 (Tex.App.-Waco Feb. 7, 2007, orig. proceeding) (memo.op.); *In re Davis*, No. 10-06-00285-CV, 2006 Tex.App. LEXIS 9263, *1, 2006 WL 3028165, at *1 (Tex.App.-Waco Oct.25, 2006, orig. proceeding) (memo.op.); *In re Keeter*, 134 S.W.3d 250, 253 (Tex.App.-Waco 2003, orig. proceeding), we have never stated that as to some motions, no ruling at all is necessary.[2] This Court has, however, denied a mandamus seeking to compel the trial court to rule on a previously adjudicated issue raised in a motion that had been pending for over a year. *In re Bannister*, 216 S.W.3d 555 (Tex.App.-Waco, 2007, orig. proceeding).

This proceeding provides an appropriate opportunity to clarify that a trial court may not ever have to rule on a filed motion.

Birdwell has filed three motions for DNA testing. Recently, the Court of Criminal Appeals, in dicta, has recognized that "Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing...." *Ex parte Baker*, 185 S.W.3d 894, 897 (Tex.Crim.App.2006). But the issue in that original proceeding was whether a statutory post-conviction writ of habeas corpus was available for complaints of ineffective assistance of counsel on a Chapter 64 motion for DNA testing. The Court held it was not. *Id.* On the same day, and because of the dicta in *Baker*, the Court further recognized in another original proceeding that "it is conceivable that a convicted person who receives ineffective assistance of counsel in a DNA proceeding may be entitled to relief by way of a second DNA proceeding." *Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex.Crim.App. 2006).

That is not the issue presented here.[3] While Birdwell has requested somewhat differing items possibly containing DNA evidence to be tested, the issue he has argued in each has been essentially the same: DNA evidence will show that someone else was involved in the crime. Twice, the trial court has denied his DNA motions. Birdwell actually appealed the second denial with the assistance of counsel. On appeal, we affirmed the trial court's decision. But it does not appear that Birdwell will be satisfied until the trial court grants a motion for DNA testing, whether it is the third motion or the thirtieth motion.

---

2. The Texas Supreme Court has left the door open to the possibility of allowing a trial court to forego ruling on an inmate's request for a bench warrant if the request itself does not establish the need for the inmate's appearance. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex.2003).

3. Birdwell complains about the ineffective assistance of counsel in pursuing his second motion for DNA testing in an affidavit attached to his third motion for DNA testing. However, that is not a basis upon which he argues the necessity for his third motion or that he is entitled to relief in the current petition.

If the issue that is the subject of a requested ruling has not previously been fully adjudicated, the trial court may have a ministerial duty to rule on the motion. Thus, no ruling is required in response to a subsequent filing of a motion for DNA testing, if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances. In essence, no amount of time can pass after which the trial court should be compelled to rule on the subsequent motion on the same subject. Otherwise we would cause a trial court to repeatedly engage in a useless act by requiring the trial court to repeatedly decide the same issue.

In this proceeding, Birdwell had the burden to show that the trial court has failed to perform a ministerial act. He must, therefore, show that in the plethora of proceedings involving his motions for DNA testing, Tex.Code Crim. Proc. Ann. art. 64.02 (Vernon 2006), that the statute regarding DNA testing of biological material, if any, has not been met, and therefore that his issue regarding DNA testing has never been fully adjudicated.

### Conclusion

Birdwell's petition for writ of mandamus fails to present a record from which we can determine that his prior request on the same issue was not fully adjudicated. His petition for writ of mandamus should, therefore, be denied. And unless district judges across this district, and this State, do not want to be inundated by repetitive requests for DNA testing and other motions, the majority's holding is one that needs to be immediately presented to the Court of Criminal Appeals for review.