

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-10-00111-CV**

**IN RE WILLIAM BRENT SHELLHORSE**

_____

**Original Proceeding**

_____

## MEMORANDUM OPINION

In this original proceeding, Relator's petition for writ of mandamus asserts that the Respondent, the Honorable A. Lee Harris, lacked jurisdiction to enter an order requiring Relator to appear at a hearing and that the order is thus void. Subsequently, Judge Harris recused himself, and the Honorable Alan Mayfield, Senior Judge, has been assigned to preside over the underlying case.

Until Judge Mayfield has had a reasonable opportunity to consider Relator's complaints in the underlying case, it would be premature for us to address the issues in this original proceeding. *See In re Moore*, No. 09-00376-CV, 2010 WL 966204 (Tex.

App.—Waco Mar. 10, 2010, orig. proceeding). Accordingly, the petition is denied

without prejudice.[1]

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray dissents with a note)*
Petition denied
Opinion delivered and filed July 7, 2010
[OT06]

*(Chief Justice Gray dissents with a note. A separate opinion will not issue. He notes, however, that before the *Birdwell* decision on rehearing, cited in the Court's opinion, this Court had established the precedent, in compliance with the rules, of giving the successor judge, or if the issue had been decided by a visiting judge the Court gave the elected judge, the opportunity to rule on the issue via an abatement rather than requiring the filing of a second proceeding by a denial of the first proceeding without prejudice. Tex. R. App. P. 7.2(b); *see also In re Whitfield*, 134 S.W.3d 314 (Tex. App.—Waco 2003, order); *In re McDaniel*, No. 10-04-00166-CV (Tex. App.—Waco Oct. 5, 2005, order). I would follow the rule and abate this proceeding to the trial court so that the appointed judge, that is now the successor in this proceeding to the elected trial court judge that is recused, "to allow the successor to reconsider the original party's

---

[1]     The dissenting note asserts that Rule of Appellate Procedure 7.2 applies and that we should abate this proceeding, rather than deny it without prejudice. In the *Whitfield* case, abatement under Rule 7.2 was proper, while *McDaniel* is factually inapposite. *See In re Whitfield*, 134 S.W.3d 314 (Tex. App.—Waco 2003, order) (abating because elected trial judge was no longer in office, having chosen not to seek reelection); *In re McDaniel*, No. 10-04-00166-CV (Tex. App.—Waco Oct. 5, 2005, order) (not designated for publication) (abating because respondent judge was assigned only for particular date motion at issue was set for hearing and so that elected presiding judge could rule on matter). The facts in *In re Birdwell*, 224 S.W.3d 864, 865-66 (Tex. App.—Waco 2007, orig. proceeding) (op. on reh'g), are similar to those in *Whitfield*, and it would have been proper to abate under Rule 7.2 in *Birdwell*.

     In apparently the only case to have addressed the precise issue before us, the court held that abatement under Rule 7.2(b) does not apply in a recusal situation. *See In re Guerra*, 235 S.W.3d 392, 402-03 (Tex. App.—Corpus Christi-Edinburg 2007, orig. proceeding) ("A 'successor' in the context of rule 7.2, however, is an individual who succeeds a public officer who has ceased to hold office. In the instant case, respondent has not ceased to hold office; she has simply been recused from this proceeding. Additionally, we have found no case law applying rule 7.2(b) in response to a recusal that occurred pending an original proceeding or appeal. Because we are not persuaded that the rule is applicable to this proceeding, we decline to abate."). We agree with *Guerra*.

decision." TEX. R. APP. P. 7.2(b). Ironically, the Court relies upon *In re Moore*, No. 09-00376-CV, 2010 WL 966204 (Tex. App.—Waco Mar. 10, 2010, orig. proceeding), for the holding to deny relief without prejudice. However, on motion for rehearing in *In re Moore*, No. 10-09-00376-CV (Tex. App.—Waco July 7, 2010, orig. proceeding) (mem. op. on reh'g), the Court decided to address the issue in the interest of judicial economy—in essence to prevent the need for the filing of another mandamus proceeding—the very result the rule and Chief Justice Gray is trying to avoid. It should also be noted that by the Court's holding and discussion *In re Birdwell* is impliedly overruled, as it should be. Accordingly, I respectfully dissent to the denial of the Petition for Writ of Mandamus at this juncture.)