IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00111-CV

 

In
re William Brent Shellhorse

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

In this original proceeding, Relator’s
petition for writ of mandamus asserts that the Respondent, the Honorable A. Lee
Harris, lacked jurisdiction to enter an order requiring Relator to appear at a
hearing and that the order is thus void.  Subsequently, Judge Harris recused
himself, and the Honorable Alan Mayfield, Senior Judge, has been assigned to
preside over the underlying case.

Until Judge Mayfield has had a
reasonable opportunity to consider Relator’s complaints in the underlying case,
it would be premature for us to address the issues in this original proceeding. 
See In re Moore, No. 09-00376-CV, 2010 WL 966204 (Tex. App.—Waco Mar.
10, 2010, orig. proceeding).  Accordingly, the petition is denied without
prejudice.[1]

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray dissents with a
note)*

Petition
denied

Opinion
delivered and filed July 7, 2010

[OT06]

 

*(Chief
Justice Gray dissents with a note.  A separate opinion will not issue.  He
notes, however, that before the Birdwell decision on rehearing, cited in
the Court’s opinion, this Court had established the precedent, in compliance
with the rules, of giving the successor judge, or if the issue had been decided
by a visiting judge the Court gave the elected judge, the opportunity to rule
on the issue via an abatement rather than requiring the filing of a second
proceeding by a denial of the first proceeding without prejudice.  Tex. R. App. P. 7.2(b); see also In
re Whitfield, 134 S.W.3d 314 (Tex. App.—Waco 2003, order); In re
McDaniel, No. 10-04-00166-CV (Tex. App.—Waco Oct. 5, 2005, order).  I would
follow the rule and abate this proceeding to the trial court so that the
appointed judge, that is now the successor in this proceeding to the elected
trial court judge that is recused, “to allow the successor to reconsider the
original party’s decision.”  Tex. R.
App. P. 7.2(b).  Ironically, the Court relies upon In re Moore, No. 09-00376-CV, 2010 WL 966204 (Tex. App.—Waco Mar. 10,
2010, orig. proceeding), for
the holding to deny relief without prejudice.  However, on motion for rehearing
in In re Moore, No. 10-09-00376-CV (Tex. App.—Waco July 7, 2010, orig.
proceeding) (mem. op. on reh’g), the Court decided to address the issue in the
interest of judicial economy—in essence to prevent the need for the filing of
another mandamus proceeding—the very result the rule and Chief Justice Gray is
trying to avoid.  It should also be noted that by the Court’s holding and
discussion In re Birdwell is impliedly overruled, as it should be.  Accordingly,
I respectfully dissent to the denial of the Petition for Writ of Mandamus at
this juncture.)









[1]               The
dissenting note asserts that Rule of Appellate Procedure 7.2 applies and that
we should abate this proceeding, rather than deny it without prejudice.  In the
Whitfield case, abatement under Rule 7.2 was proper, while McDaniel
is factually inapposite.  See In re Whitfield, 134 S.W.3d 314 (Tex.
App.—Waco 2003, order) (abating because elected trial judge was no longer in
office, having chosen not to seek reelection); In re McDaniel, No. 10-04-00166-CV
(Tex. App.—Waco Oct. 5, 2005, order) (not designated for publication) (abating
because respondent judge was assigned only for particular date motion at issue
was set for hearing and so that elected presiding judge could rule on matter). 
The facts in In
re Birdwell,
224 S.W.3d 864, 865-66 (Tex. App.—Waco 2007, orig. proceeding) (op. on reh’g),
are similar to those in Whitfield, and it would have been proper to
abate under Rule 7.2 in Birdwell.

  

In apparently the only
case to have addressed the precise issue before us, the court held that abatement
under Rule 7.2(b) does not apply in a recusal situation.  See In re Guerra,
235 S.W.3d 392, 402-03 (Tex. App.—Corpus Christi-Edinburg 2007, orig.
proceeding) (“A ‘successor’ in the context of rule 7.2, however, is an
individual who succeeds a public officer who has ceased to hold office.  In the
instant case, respondent has not ceased to hold office; she has simply been
recused from this proceeding.  Additionally, we have found no case law applying
rule 7.2(b) in response to a recusal that occurred pending an original
proceeding or appeal.  Because we are not persuaded that the rule is applicable
to this proceeding, we decline to abate.”).  We agree with Guerra.








-size: 12pt">      [1]  "The trial court reversably erred in granting defendant DeBottis' motion for summary
judgment," and [2] "In finding that DeBottis has absolute prosecutorial immunity from
suit and liability."
      Pugh, an inmate was involved in an altercation with several correctional officers on
December 14, 1994. He sought to have an officer charged with assault. Investigation revealed
that Pugh had in fact assaulted two correctional officers, Timothy Eary and Montgomery
Sanders. Pugh was charged with retaliation against the officers. DeBottis handled the
prosecution. Pugh was indicted for retaliation of Officer Eary in May 1995. Pugh's trial
resulted in a hung jury. Ms. DeBottis did not seek to try Pugh again. In September 1996,
Pugh was indicated for retaliation against Officer Sanders. On May 3, 1998, DeBottis
voluntarily dismissed this indictment against Pugh because the applicable legal precedents
made it unclear whether the charge of "retaliation" could be maintained based on the conduct
alleged against him. Specifically, DeBottis decided to file a motion to dismiss the charge after
the Texas Court of Criminal Appeals upheld a reversal of a conviction of an inmate charged
with retaliation.



      A party is entitled to a summary judgment if there is no genuine issue as to any material
fact and if the party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The
movant must disprove at least one element of the plaintiff's causes of action, or must establish
all elements of an affirmative defense to the non-movant’s claims. American Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Goston v. Hutchinson, 853 S.W.2d 729, 731
(Tex. App.—Houston 1993, no writ). Evidence favorable to the non-movant will be taken as
true and all reasonable inferences must be indulged in favor of the non-movant. Montgomery
v. Kennedy, 669 S.W.2d 309, 310 (Tex. 1984). Once a movant produces sufficient evidence
to establish the right to summary judgment, the non-movant must set forth sufficient evidence
to give rise to a fact issue to avoid summary judgment. Alanis v. Univ. of Texas, 843 S.W.2d
779, 784 (Tex. App.—Houston 1992, writ denied). Moore Burger Ins. V. Phillips Petroleum
Co., 492 S.W.2d 934, 936, 37 (Tex. 1972). If a defendant establishes an affirmative defense
that would bar suit as a matter of law, the plaintiff must present summary judgment proof that
raises a fact issue to at least one element of the affirmative defense. City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Conclusory assertions by a non-movant are insufficient to raise a genuine issue of material fact. Anderson v. Snider, 808
S.W.2d 54, 55 (Tex. 1991).
      The trial court granted summary judgment based on absolute prosecutorial immunity. It is
undisputed that DeBottis was at all time a prosecutor with the Special Prison Unit of Texas,
which is charged with prosecuting crimes within TDCJ throughout Texas. As a prosecutor,
DeBottis is entitled to absolute prosecutorial immunity. This immunity provides an absolute
bar to the claims asserted by Pugh. Imbler v. Pachtman, 424 U.S. 409 (1976); Clawson v.
Wharton County, 941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied);
Brandt v. West, 892 S.W.2d 56, 70 (Tex. App.—Houston 1994, writ denied). A prosecutor
has absolute immunity for activities “intimately associated with the judicial phase of the
criminal process.” Clawson at 271; Imbler at 430. To allow a suit against prosecutors would
open the way for unlimited harassment and embarrassment of the most conscientious officials
by those who would profit thereby. Imbler at 423-24. The law of absolute immunity applies
to all acts flowing from the prosecutorial function even where a prosecutor acts in bad faith. 
Imbler at 430-31.
      Appellant argues that because the retaliation charges were dismissed against him, such
raises a real issue of fact as to whether DeBottis committed perjury before the grand jury. We
reject this argument, but even if Pugh’s allegations were true, the doctrine of absolute
prosecutorial immunity completely insulates DeBottis from liability. The fact that DeBottis
dismissed the second case against Pugh when the law became unclear demonstrates that she
was acting responsibly.
      Appellant further argues that DeBottis is not entitled to absolute immunity because she was
not a “duly constituted Assistant District Attorney for Coryell County” because her swearing
in as such was not properly recorded. The summary judgment proof is that she was sworn in
by District Judge Phillip Zeigler, and this was not rebutted. Moreover, the Special Prison Unit
gives specific authority for DeBottis to prosecute felony offenses committed by prisoners.
      Ms. DeBottis had total prosecutorial immunity from suit and liability. The trial court’s
granting of her motion for summary judgment was correct.
      Pugh’s point of error and all contentions made thereunder are overruled.
      The judgment is affirmed.



                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 19, 2000
Do not publish