

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00243-CV

## IN RE ARCADE JOSEPH COMEAUX, JR.

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

In 2002, Relator Arcade Joseph Comeaux, Jr., a state-prison inmate, filed a civil suit in the Twelfth District Court of Walker County against the Texas Department of Criminal Justice, Institutional Division (and possibly against several individual TDJC officers or employees). Comeaux's suit appears to be centered on disciplinary punishment that he received for allegedly damaging a law book from the prison law library.

The trial court initially dismissed Comeaux's suit, but on appeal the Fourteenth Court of Appeals (at that time, Walker County was in the Fourteenth Court's district) found that the dismissal was improper and reversed and remanded the case for further

proceedings. *See Comeaux v. Texas Dep't. Crim. Justice, Inst. Div.*, No. 14-02-01283-CV, 2005 WL 2978891 (Tex. App.—Houston [14th Dist.] Nov. 8, 2005, no pet.) (mem. op.).

In 2007, Comeaux filed an original proceeding with us complaining that the trial court (at that time, Respondent William L. McAdams) would not rule on various motions filed by Comeaux. *See In re Comeaux*, No. 10-07-00235-CV, 2007 WL 4260638 (Tex. App.—Waco Dec. 5, 2007, orig. proceeding) (mem. op.). We denied relief, stating that Comeaux had not provided a record showing that he had brought the various motions to Respondent's attention. We did note, however, that we were "confident that Respondent will proceed to dispose of Comeaux's motions and lawsuit in a timely fashion." *Id.* at 2007 WL 4260638, at *2. We also noted:

> We acknowledge the burden of pro se inmate litigation, but as long as a suit satisfies Chapter 14 of the Civil Practice and Remedies Code, our judicial system must function for such litigation as it does with any other. In addition to providing litigants with their "day in court," *such functioning will render unnecessary original proceedings such as this one*.

*Id.* at 2007 WL 4260638, at *2, n.1 (emphasis added).

In early 2009, Comeaux filed another original proceeding, this time making similar complaints against a visiting judge (but not against the newly elected trial judge of the Twelfth District Court, the Honorable Donald L. Kraemer). The Clerk of the Court sent a letter to Comeaux advising him of several deficiencies in his petition, including his omission of Judge Kraemer as the Respondent. Thereafter, the Court summarily denied Comeaux's mandamus petition on May 13, 2009. *See In re Comeaux*, No. 10-09-00052-CV (Tex. App.—Waco May 13, 2009, orig. proceeding) (mem. op.).

Comeaux has now filed his third original proceeding and makes the same

complaints: the trial court will not rule on his motions. His petition again had several deficiencies, and he has filed an amended petition in an attempt to cure these deficiencies.[1]

Comeaux complains in part that we should order the trial court to consider *and grant* several of Comeaux's pending motions. While we have jurisdiction to direct a trial court to exercise its discretion, we may not tell the trial court what its decision should be. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Shredder Co.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding); *see also In re Birdwell*, 224 S.W.3d 864, 865 (Tex. App.—Waco 2007, orig. proceeding) ("Although we may compel a court to consider a motion, we do not require that the judge rule in a certain way."). Accordingly, we cannot grant Comeaux mandamus relief in this respect.

Comeaux also complains that the trial court will not consider and rule on his various motions, which were filed between 2002 and 2008 and have been pending since they were filed.

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the

---

[1] Comeaux replies that he lacks access to the Rules of Appellate Procedure. Because of our disposition and to expedite it, we will implement Rule 2 and suspend the applicable rules in this proceeding only. TEX. R. APP. P. 2.

relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.* The mere filing of a pleading or letter with the clerk does not impute knowledge to the trial court. *See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding).

It is the relator's burden to provide us with a sufficient record to entitle his right to mandamus relief. *Blakeney*, 254 S.W.3d at 661. Comeaux has again not provided us with a sufficient record. He states that he has written letters and had friends call to move the court to act, but this statement is insufficient to show that he has brought the matters to the attention of the trial judge.

Comeaux's failure to establish his right to mandamus relief does not excuse the age of the underlying case and the fact that it apparently is no closer to disposition than

it was at the time of our December 5, 2007 opinion in Comeaux's first original proceeding. We thus must repeat what we wrote then, with the expectation that this time our confidence will be affirmed: "we are confident that Respondent will proceed to dispose of Comeaux's motions and lawsuit in a timely fashion." *Comeaux,* 2007 WL 4260638, at *2.

Because Comeaux has not shown that he is entitled to relief, we deny the amended petition for writ of mandamus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurs in the court's judgment with a note)*
Petition denied
Opinion delivered and filed September 22, 2010
[OT06]

*(Chief Justice Gray joins no part of the Court's opinion. A separate opinion will not issue. He notes, however, that there are some motions on which a trial court may never have a duty to rule. *See In re Davis*, 10-10-0242-CV, August 25, 2010 (Chief Justice Gray Concurring); *In re Birdwell,* 224 S.W.3d 864 (Tex. App.—Waco 2007) (orig. proc.) (Chief Justice Gray Concurring). Unless the refusal to rule on a motion impedes the development and ultimate disposition of a proceeding a trial court need not rule on the motion. Pro se inmates are notorious for filing motions that simply do not need to be ruled upon to properly dispose of a case. We have no way of knowing if the motions Comeaux complains that the trial court has not ruled upon are such motions because he has not provided us with a record of those motions. I also note that at least part of the delay may have been caused by Comeaux's escape. Accordingly, for these reasons, Chief Justice Gray joins the court's judgment to the extent it denies the relief requested by Comeaux.)