

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00059-CV

_____

IN RE:   RICHARD M. KING, JR.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Complaining of a number of things, Richard M. King, Jr., seeks mandamus relief against Judge Scott McDowell, of the 62nd Judicial District Court. King, previously determined to be a "vexatious litigant," was barred by the then Judge Jim Lovett of the 6th Judicial District Court from "filing anything under any law, statute, rule or authority . . ., without first obtaining the permission of the presiding judge of the 6th District Court." A suit filed by King "against Marvin Ann Patterson and her deputy clerks for withholding . . . evidence . . . that would result in the reversal of King's wrongful conviction," was dismissed by Judge McDowell. King claims that he "filed an application for writ of habeas corpus . . . in the 6th Judicial District Court in Lamar County, Texas," complaining of Patterson's alleged admission to possessing "the evidence in question," and received a response from Judge McDowell "stating that one ground has 'been litigated' and making no mention of the other ground." King, believing that Judge McDowell relied on the order issued by Judge Lovett, claimed that the court did not file or consider the application for writ of habeas corpus. He asks this Court to order Judge McDowell to "present the Application for Writ of Habeas Corpus in it's [sic] unedited form to the 6th District Court."

To be entitled to mandamus relief, King must show that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel an act that is ministerial, not discretionary or involving a judicial decision. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). An act is

2

ministerial if it constitutes a duty clearly fixed and required by law. *In re Birdwell*, 224 S.W.3d 864, 865 (Tex. App.—Waco 2007, orig. proceeding).

Due to the nature of this remedy, it is King's burden to properly request and show entitlement to the mandamus relief. TEX. R. APP. P. 52.7; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

King had the obligation to provide us with evidence in support of his claim that he is entitled to mandamus relief. No portion of any clerk's record or reporter's record has been filed with this Court. The absence of a mandamus record prevents us from evaluating the circumstances of this case and, thus, the merits of King's complaints. *See* TEX. R. APP. P. 52.7; *Barnes*, 832 S.W.2d at 426.

We deny the petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:    June 9, 2011
Date Decided:    June 10, 2011