**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 23, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00143-CR

———————

### IN RE GERALD J. DURDEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 905464**

---

## M E M O R A N D U M   O P I N I O N

On February 13, 2012, relator Gerald J. Durden filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Joan Campbell, presiding judge of the 248th District Court in Harris County, to rule on his motion for DNA testing.

In 2002, relator was convicted of aggravated sexual assault of a child and this court affirmed his conviction. *See Durden v. State*, No. 14-02-00818-CR; 2003 WL 22143293

(Tex. App.—Houston [14th Dist.] Sept. 18, 2003, pet. ref'd) (mem. op., not designated for publication).

In 2009, relator filed a pro se motion for post-conviction DNA testing of two hairs found on the complainant's underwear. *See Durden v. State*, No. 14-09-00120-CR; 2010 WL 454935 at *1 (Tex. App.—Houston [14th Dist.] Feb. 11, 2010, pet. ref'd) (mem. op., not designated for publication). The trial court denied relator's motion on grounds that DNA testing was performed on the hairs in 2002. *Id.* Relator appealed the trial court's order denying his motion for post-conviction DNA testing, and this court affirmed the trial court's denial. *Id.* at *4.

On January 4, 2012, the Harris County District Clerk's office forwarded a notice of appeal and letter of assignment to this court from relator in which he attempted to appeal the denial of another motion for DNA testing. That appeal was docketed under appellate case number 14-12-00006-CR. Relator's appeal was subsequently dismissed because the record contained no appealable order. *See Durden v. State*, No. 14-12-00006-CR; 2012 WL 359306 (Tex. App.—Houston [14th Dist.] Feb. 2, 2012, no pet. hist.) (mem. op., not designated for publication).

The record in relator's appeal reveals that relator filed at least three, possibly five motions for DNA testing requesting that the two hairs found in the complainant's underwear be tested. The trial court denied each of relator's motions, noting on one such denial that, "Independent DNA was already done in 2002. In 2005, ct. denied motion for testing." The record on appeal further reflects that the motion on which relator currently seeks a ruling requests the same testing that has been repeatedly denied by the trial court and affirmed by this court. Relator asks this court to issue writ of mandamus to compel the trial court to rule again on a motion the court has denied at least three times.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act,

not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and asked to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

The Court of Criminal Appeals recognized that "Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing[.]" *Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006) (orig. proceeding). The issue in that original proceeding, however, was whether a statutory post-conviction writ of habeas corpus was available for complaints of ineffective assistance of counsel on a Chapter 64 motion for DNA testing. The court held it was not. *Id.* On the same day, the court further recognized in another original proceeding that "it is conceivable that a convicted person who receives ineffective assistance of counsel in a DNA proceeding may be entitled to relief by way of a second DNA proceeding." *Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex. Crim. App. 2006) (orig. proceeding).

That is not the issue presented here. Relator has argued repeatedly that the same evidence should be tested for DNA in order to show that someone else committed the assault. The trial court has denied relator's motions at least three times. Relator appealed one of the denials and this court affirmed the trial court's denial.

No ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances. *See In re Angelo*, No. 10-11-00338-CR; 2011 WL 4389994 (Tex. App.—Waco Sep. 21, 2011, orig. proceeding) (mem. op.) (*citing In re*

*Birdwell*, 224 S.W.3d 864, 869–70 (Tex. App.—Waco 2007, orig. proceeding) (Gray, C.J. concurring)).   Based on the facts of this case, the trial court is not required to repeatedly rule on the same motion.

Accordingly, relator's petition for writ of mandamus is denied.


PER CURIAM

Panel consists of Justices Seymore, Boyce, and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).

4