

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-13-00420-CR**

**IN RE MICHAEL ANTHONY MOORE**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

In this original proceeding,[1] Relator Michael Anthony Moore seeks mandamus relief in the form of compelling the Respondent trial judge to rule on Moore's motion for relief from void judgment and compelling Respondent to grant the motion and to set aside Moore's underlying judgment of conviction.[2]

---

[1] Accompanying Moore's petition for writ of mandamus is his motion for leave to file petition for writ of mandamus. The motion for leave is dismissed as moot because leave is no longer required to file an original proceeding in an intermediate court of appeals.

[2] Moore's petition for writ of mandamus has numerous procedural deficiencies; it lacks most of the contents required by Rule 52. *See* TEX. R. APP. P. 52.3. It does not include the certification required by Rule 52.3(j). *See id*. 52.3(j). It lacks an appendix and a record. *See id.* 52.3(k), 52.7. The petition lacks proof of service on the Respondent trial judge and on the Brazos County District Attorney, a Real-Party-in-Interest, and while the motion for leave has proof of service for Respondent, it lacks proof of service for the Brazos County District Attorney. *See id.* 9.5, 52.2. A copy of all documents presented to the Court

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)).

While we have jurisdiction to direct a trial court to exercise its discretion, we may not tell the trial court what its decision should be. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Shredder Co.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding); *see also In re Birdwell*, 224 S.W.3d 864, 865 (Tex. App.—Waco 2007, orig. proceeding) ("Although we may compel a court to consider a motion, we do not require that the judge rule in a certain way."). But consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62

---

must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules. *Id.* 2.

> S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. *The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (emphasis added).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie *unless the movant makes such a showing* and the trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a pleading or letter *with the clerk* does not impute knowledge *to the trial judge*. *See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding).

Moore bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins*, 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *Blakeney*, 254 S.W.3d at 661. There is no record showing that Moore has brought the matter *to the attention of the trial judge* and that the trial judge has then failed or refused to rule within a reasonable time. And to the extent that Moore requests us to order the trial court to grant his motion and to set aside his underlying judgment of conviction, as explained above, we lack authority to grant such mandamus relief.

We deny the petition for writ of mandamus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Petition denied; motion for leave dismissed as moot
Opinion delivered and filed December 19, 2013
Do not publish
[OT06]