**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 9, 2018.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00831-CR**
**NO. 14-18-00832-CR**

---

**IN RE TODD W. ALTSCHUL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 26672 & 26673**

---

## MEMORANDUM OPINION

On September 21, 2018, relator, Todd W. Altschul, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In his petition, relator asks this court to compel the Honorable Ben Hardin, presiding judge of the 23rd District Court of Brazoria

County, to rule on relator's motion for judgment nunc pro tunc requesting appeal time credit on his sentences. We deny relator's petition.

With certain exceptions not in play in this proceeding, to be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex. rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

On July 28, 1994, relator was convicted of aggravated assault and possession of a deadly weapon in a penal institution. At the time he was convicted, relator was serving a 15-year sentence for a prior conviction. The trial court sentenced realtor to 20 years' imprisonment for the two offenses with the sentences to run consecutive to the earlier, 15-year sentence.

On October 23, 2013, relator filed a notice of appeal in this court challenging the trial court's order denying relator's motion for judgment nunc pro tunc. Relator later asked this court to construe his notice of appeal as a petition for writ of mandamus. Relator argued the trial court abused its discretion in denying his motion for judgment nunc pro tunc to receive appeal time credit. This court granted relator's

motion to construe his filing as a petition for mandamus, but denied the requested mandamus relief.

In both relator's 2013 motion and the motion he filed underlying this petition for a writ of mandamus relator requested the trial court to enter a judgment nunc pro tunc giving him appeal time credit. The trial court denied the 2013 motion and this court determined a writ of mandamus was not warranted for that denial. *In re Altschul*, Nos. 14-13-01001-CR, 14-13-01003-CR, 2014 WL 2158167, at \*2 (Tex. App.—Houston [14th Dist.] May 22, 2014, orig. proceeding) (mem. op.). In this case, the trial court has not ruled on the motion and we are asked to compel the trial court to rule on the same motion it denied in 2013. Relator has not asserted any change in circumstances that would warrant a request to revisit the issue.

Relator is not entitled to a writ of mandamus requiring the trial court to repeatedly rule on the same motion. *See In re Birdwell*, 393 S.W.3d 886, 893 (Tex. App.—Waco 2012, orig. proceeding); *In re Bannister*, 216 S.W.3d 555, 556 (Tex. App.—Waco 2007, orig. proceeding) (Gray, C.J. concurring). Further, this court explained in its previous opinion regarding this matter why relator is not entitled to mandamus relief on his motion for judgment nunc pro tunc to receive appeal time credit on his sentences. *See In re Altschul*, 2014 WL 2158167 at \*1.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).