

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00283-CR

## IN RE VAUGHN BIRDWELL

_____

## Original Proceeding

_____

## OPINION

So that the reader can better understand, and hopefully fully appreciate, the Court's disposition of this proceeding, we find it necessary to review the history of Vaughn Birdwell's conviction and subsequent proceedings. As will be seen, there was nothing unusual about the original trial and appeal. There was certainly nothing to foreshadow the litany of subsequent proceedings which have been filed after his direct appeal had resulted in the affirmance of his conviction. The details of the subsequent proceedings are not as important as the fact and number of attempts that Birdwell has engaged in to attack his conviction and the patience with which the trial court and this Court have treated him. After many proceedings in the trial court, 15 proceedings in

this Court, and at least 5 proceedings in the Court of Criminal Appeals, it is time that we take another tact in dealing with Birdwell, as will be explained.

## THE UNDERLYING CONVICTION

Vaughn Birdwell was convicted of first degree murder and sentenced to life in prison in January of 1996. The murder involved the stabbing death of Irene Mitchell, Birdwell's former girlfriend. Birdwell appealed his conviction, arguing (1) that he was denied his constitutional right to be tried by a valid jury because one juror had a felony conviction and should have been disqualified; and (2) that he did not receive a fair trial when the trial court denied his motion for mistrial following an outburst from a member of the audience. This Court overruled those two issues and affirmed Birdwell's conviction in a decision authored by Chief Justice Davis and issued on January 22, 1997. *Birdwell v. State*, No. 10-96-032-CR (Tex. App.—Waco Jan. 22, 1997, pet. ref'd) (not designated for publication). The Court of Criminal Appeals refused to consider Birdwell's petition for discretionary review of this Court's decision. *In re Birdwell*, No. PD-0248-97 (Tex. Crim. App. April 23, 1997) (not designated for publication). As will be more fully discussed, the identity of the assailant was never an issue and no biological evidence from the crime scene was ever tested for DNA comparison or identification.

## SUBSEQUENT PROCEEDINGS

In 1998, Birdwell filed a writ of habeas corpus with the Court of Criminal Appeals. The Court denied the writ without a written opinion based on the trial court's

findings.  *Ex parte Birdwell*, No. WR-37,251-01 (Tex. Crim. App. June 3, 1998) (not designated for publication).

Three years later, in March of 2001, Birdwell filed a pro-se motion for DNA testing of evidence in the possession of the State.  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 et seq (West Supp. 2012).  In that motion, Birdwell contended for the first time that he was attacked by a third party and that there was blood on the carpet at the scene, hair and semen samples, blood on a knife, and evidence under Irene's fingernails that could have been tested and that would show a third person was involved in the murder.  Birdwell also requested an attorney to be appointed.  The trial court denied both the motion for an appointed attorney and the motion for DNA testing. Birdwell did not appeal.

In May of 2001, Birdwell filed a petition for writ of mandamus in this Court.  We denied the petition as prematurely filed.  *In re Birdwell*, No. 10-01-00147-CV (Tex. App.—Waco May 16, 2001, orig. proceeding) (not designated for publication).

In June of 2001, less than a month after the trial court's ruling on his initial motion, Birdwell filed a second pro-se motion for DNA testing.  This time, he specifically requested testing on "[e]vidence containing Irene Mitchell's (Victim) DNA" and a pocket knife.  One month later, an attorney was appointed to represent Birdwell on this, his second DNA motion.  Two and a half years later, and prior to any ruling on the motion for DNA testing, Birdwell's counsel filed a motion to withdraw as the

attorney of record citing the attorney's workload as the reason for the request. The second motion for DNA testing was denied on February 19, 2004. Counsel's motion to withdraw was then granted in April of 2004.

In the interim, between the denial of his DNA motion and the granting of counsel's motion to withdraw, Birdwell filed a motion in the trial court requesting clarification of whether the trial court had ruled on counsel's motion to withdraw. He then filed a petition for writ of mandamus with this Court requesting a writ to be issued against the trial court for failing to rule on his motion for clarification. But the trial court had ruled on Birdwell's motion for DNA testing prior to the filing of Birdwell's petition. This Court, in a per curiam opinion, denied the petition and held that Birdwell could appeal the trial court's decision and complain on appeal about representation. *In re Birdwell*, No. 10-04-00053-CR, 2004 Tex. App. LEXIS 2167 (Tex. App.—Waco March 3, 2004, orig. proceeding) (not designated for publication).

Soon after our decision denying Birdwell's petition for writ of mandamus, Birdwell timely appealed the trial court's denial of his DNA motion and requested the appointment of an attorney. Almost a year later, this Court abated the appeal and directed the trial court to appoint an attorney to represent Birdwell in his appeal. *Birdwell v. State*, No. 10-04-00059-CR (Tex. App.—Waco Feb. 9, 2005, order) (not designated for publication). The trial court appointed an attorney for Birdwell in early March of 2005. On March 30, 2005 Birdwell mailed an "application" for writ of

mandamus to this Court complaining that the trial court had not appointed an attorney to represent him in his appeal of the denial of his motion for DNA testing. No record was filed with the application. *See* TEX. R. APP. P. 52.7. Without explaining the ground(s) for denial, as authorized by the Rules of Appellate Procedure, the Court, with Justice Vance authoring the opinion, summarily denied the application. *In re Birdwell*, No. 10-05-00192-CR, 2005 Tex. App. LEXIS 2824 (Tex. App.—Waco April 13, 2005, orig. proceeding) (not designated for publication); TEX. R. APP. P. 52.8(d).

In the direct appeal from the trial court's denial of the DNA motion, Birdwell argued that the trial court erred in not ruling on his prior attorney's motion to withdraw before ruling on the merits of his motion for DNA testing. The Court, with Justice Vance authoring the opinion, affirmed the trial court's judgment, finding there was no abuse of discretion by the trial court in not granting the motion to withdraw until it had ruled upon Birdwell's motion for DNA testing. *Birdwell v. State*, No. 10-04-00059-CR, 2005 Tex. App. LEXIS 4880, *3 (Tex. App.—Waco June 22, 2005, pet. ref'd) (mem. op.). The Court of Criminal Appeals refused to consider Birdwell's petition for discretionary review of this Court's decision. *In re Birdwell*, 2005 Tex. Crim. App. LEXIS 1636 (Tex. Crim. App. Sept. 14, 2005) (not designated for publication).

Birdwell then filed an original petition for writ of mandamus with the Court of Criminal Appeals in October of 2005. The Court denied the petition without an order

on April 26, 2006. *In re Birdwell*, No. WR-37,251-02 (Tex. Crim. App. April 26, 2006) (not designated for publication).

In the meantime, before the Court of Criminal Appeals denied the mandamus referred to above, Birdwell filed yet another application for writ of mandamus in this Court on February 15, 2006. In the application, Birdwell requested that this Court compel the trial court to vacate its February 19, 2004 order denying Birdwell's motion for DNA testing and to appoint "other counsel" to represent Birdwell on his motion. Birdwell based his request on the motion to withdraw filed by his appointed counsel which was not ruled on until after the trial court denied Birdwell's motion for DNA testing. No record was filed with the application. *See* TEX. R. APP. P. 52.7. In an opinion authored by Justice Vance, and without specifying the reason(s), the Court summarily denied Birdwell's application. *In re Birdwell*, No. 10-06-00042-CR, 2006 Tex. App. LEXIS 1461 (Tex. App.—Waco Feb. 22, 2006, orig. proceeding) (not designated for publication).

Birdwell filed a third pro-se motion for DNA testing with the trial court on July 12, 2006. In this motion, he requested DNA testing on the same pocket knife but this time added the swab samples from a rape kit. He sought this DNA evidence to show that he did not attack, rape, or cause the death of Irene. After numerous inquiries to the district clerk and two motions to the trial court requesting a ruling on his DNA motion, Birdwell presented another petition for writ of mandamus to this Court on November 2, 2006. However, that petition did not contain a proof of service. In response to this

Court's notification that the petition did not contain proof of service, Birdwell, in effect, moved this Court to dismiss his petition. The Court, in an opinion authored by Chief Justice Gray, granted the motion and dismissed Birdwell's petition without prejudice to the filing of a petition with proof of service. *In re Birdwell*, No. 10-06-00355-CR, 2006 Tex. App. LEXIS 10254 (Tex. App.—Waco Nov. 22, 2006, orig. proceeding) (not designated for publication).

On November 28, 2006, Birdwell presented yet another petition for writ of mandamus; this one containing proper proof of service. In the petition, Birdwell requested this Court to require the trial court to rule on Birdwell's motion for DNA testing which was filed on July 12, 2006. No record was filed with the petition. *See* TEX. R. APP. P. 52.7. In an opinion authored by Chief Justice Gray, and without explanation of the reason(s), the Court summarily denied Birdwell's petition. *In re Birdwell*, No. 10-06-00385-CR, 2006 Tex. App. LEXIS 10544 (Tex. App.—Waco Dec. 6, 2006, orig. proceeding) (not designated for publication).

On Birdwell's motion for rehearing, in an opinion authored by Justice Vance, the Court noted that it was unable to determine whether biological material subject to DNA testing existed because the new and more specific procedural steps in a DNA proceeding had not been followed. But because a new trial court judge had taken the bench on January 1, 2007, a majority of the Court denied Birdwell's petition for writ of mandamus without prejudice to seek mandamus relief if the new trial court judge did

not comply with Chapter 64 as amended. *In re Birdwell*, 224 S.W.3d 864, 866 (Tex. App.—Waco 2007 orig. proceeding) (op'n on rhg). This opinion was issued on May 23, 2007.

On July 3, 2007, Birdwell sought another writ of mandamus. In an opinion authored by Chief Justice Gray, Birdwell's petition was dismissed as moot. *In re Birdwell*, No. 10-07-00209-CR, 2007 Tex. App. LEXIS 5863 (Tex. App.—Waco July 25, 2007, original proceeding) (not designated for publication).

On August 1, 2007, Birdwell appealed the denial of his third motion for DNA testing. The Court held, in an opinion authored by Justice Vance, that Birdwell's identity as the person who stabbed and killed Irene Mitchell "is not and was not an issue in the case." *Birdwell v. State*, 276 S.W.3d 642, 644 & 646 (Tex. App.—Waco 2008, pet. ref'd). Accordingly, the trial court's denial of Birdwell's third motion for DNA testing was affirmed. *Id*. at 646. Birdwell's petition for review to the Court of Criminal Appeals regarding the Court's decision was refused. *In re Birdwell*, PD-0032-09, 2009 Tex. Crim. App. LEXIS 1209 (Tex. Crim. App. Sept. 16, 2009) (not designated for publication).

Then, in February of 2008 and May of 2009, Birdwell filed two more petitions for writ of mandamus. Both being disposed of on the same date in opinions authored by Justice Davis, the 2008 petition was summarily denied and the 2009 petition was dismissed as moot. *In re Birdwell*, No. 10-08-00050-CV, 2009 Tex. App. LEXIS 4528 (Tex.

App.—Waco June 17, 2009, orig. proceeding) (memo op.); *In re Birdwell*, No. 10-09-00166-CV; 2009 Tex. App. LEXIS 4531 (Tex. App.—Waco June 17, 2009, orig. proceeding).

By October 6, 2009, Birdwell had filed his fourth motion for DNA testing in the trial court. Birdwell requested DNA testing alleging identity was an issue in his case. The motion was denied and Birdwell appealed. On appeal, he argued that under amended article 64.03(b), his admission at trial that he stabbed Mitchell did not require a denial of his motion for DNA testing on the ground that identity was not an issue in the case. This Court, in an opinion authored by Justice Davis, agreed with the State that the amended statute only prohibited a finding that identity was not an issue in the case if identity at trial was solely based on an admission. *Birdwell v. State*, No. 10-09-00409-CR, 2011 Tex. App. LEXIS 10235, *5 (Tex. App.—Waco Dec. 28, 2011, no pet.) (not designated for publication). The Court held that identity was not based solely on Birdwell's admission but was also based on other evidence presented in the trial. *Id*. at *6. Thus, the trial court's denial of Birdwell's fourth motion for DNA testing was affirmed. *Id*. at *7.

Birdwell now has filed his TENTH mandamus proceedings in this Court; and including his appeal from his conviction, three appeals from four denials of DNA testing, and one other original proceeding, we have had a total of 15 proceedings in all.

His most recent Petition for Writ of Mandamus indicates his belief that the knife he used to murder Irene Mitchell was DNA tested but that a rape kit was not.[1] He now alleges that there was a hearing held during the course of the trial in which the forensic "scientist" testified out of the presence of the jury about the DNA testing that was performed on various evidence. He further alleges that the testimony about the DNA testing is sealed.

The current petition is based on two motions Birdwell has filed in the trial court. By way of his first motion filed in the trial court, Birdwell wants the trial court to order that the sealed testimony be made available to him. By his second referenced motion, he wants the trial court to rule on his first motion. He then filed a third motion to have the court rule on his first two motions. The trial court ultimately denied the third motion in the series.

In the first two motions, Birdwell argues that he is entitled to the sealed testimony because it will show that some evidence was DNA tested and some evidence was not DNA tested and that in his next successive motion for DNA testing he will have to state that fact under oath and differentiate between and identify which evidence

[1] We note that there was no allegation that Birdwell raped Irene Mitchell. Based on the evidence at trial, Irene Mitchell was on the phone with the police dispatcher relaying the events as they developed from Birdwell's presence beating on the exterior of the house, to his breaking of the window and entry into her home, to at least the first cut or stab he inflicted upon her. A police patrol unit was immediately dispatched. A few minutes later, Birdwell called 911 to have an ambulance dispatched to the location for a "stabbing" that he stated on the telephone to the dispatcher that he had committed. There is no suggestion in the record that he raped Irene Mitchell.

was and which evidence was not DNA tested. He further alleges that the State has lied about the fact that DNA testing was not performed and that the State has consistently taken the position in its briefing that no DNA testing was ever done on any of the evidence gathered at the crime scene.

Birdwell has attached to his motion a report that was made available to him that certain evidence was tested and the test result was that it tested positive for semen. He makes the leap in his logic and arguments that this report means it was DNA tested.

Birdwell has confused testing for the presence of sperm with DNA testing. His confusion is evident in the following sentence from his second motion which was to have the trial court rule on his first motion wherein he states: "The fact the state, (District Attorney) has clearly said in all of his filed briefs that this evidence has never been DNA tested is not only denying me the right to file a statutory (in), compliance motion, but is withholding testing results on the evidence that is exculpatory and probative on the bloody knife, and rape kit that's positive for semen (DNA) that shows the identity of the killer also, movant must show to be entitled to a test he must give a sworn affidavit if the evidence was previously subject to DNA testing or not." (sic)

What Birdwell has shown, at most, is that at the time of trial there was evidence that contained biological material that might be capable of having DNA testing performed on it. Under an earlier version of the statute, the substantive problem for Birdwell, which he has tried to slide past, is that "any evidence not previously subjected

to DNA testing may not be subjected to post-conviction DNA testing unless DNA testing was either completely unavailable at the time of trial or was available but not technologically capable of providing probative results." *Routier v. State*, 273 S.W.3d at 251. That is precisely the situation in which Birdwell's evidence falls and was another reason he was not entitled to compel its testing under the previous version of Chapter 64, in addition to the fact that the identity of Irene's killer was not an issue because it was not proven solely by his admission.

That identity was not based solely on his admission was, and remains, the barrier to Birdwell's utilization of Chapter 64 to compel DNA testing of the biological material. Put in its most basic terms, even if Birdwell could establish through DNA testing of the biological evidence that another person was present during the altercation, it does not eliminate Birdwell's culpability for breaking into Irene's home and attacking her with a knife and inflicting wounds upon her that resulted in her death. Chapter 64 is not available for Birdwell to obtain DNA testing for purposes that do not come within its requirements.

Moreover, Birdwell is quite simply not entitled to the relief he seeks by mandamus. As he explains in this, his tenth Petition for Writ of Mandamus, "Birdwell wants and requests this Tenth Court to order the testimony from his original trial for a post conviction proceeding, or order the trial court to do DNA testing on the knife blade, and DNA test the sexual assault evidence collection kit…."

An appellate court can only compel a trial court to rule on a pending motion by a writ of mandamus; it cannot compel the trial court to rule in a certain way. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). Further, in a mandamus proceeding alleging the trial court's failure to rule, we do not render the order or judgment the trial court should have rendered as we do in an appeal; rather, all we have the jurisdiction to do is determine whether the trial court has abused its discretion in failing to rule on the pending motion. *See id*. If there has been such an abuse, all we can do is compel the trial court to consider the motion and rule upon it. *See id*.

Birdwell asks us to rule on the motions he has filed in the trial court. Because he is not entitled to that relief, the easy thing for us to do would be to simply summarily deny the Petition for Writ of Mandamus. And as noted above, the reviewing court cannot rule on the merits of the motion pending in the trial court, which is precisely what Birdwell wants us to do.

But rather than simply summarily deny the Petition For Writ of Mandamus, and in an effort to stop the seemingly endless flow of improper and frivolous motions and filings, and to stop his further waste of judicial resources, we have gone back to the record from his original conviction and reviewed the transcript for the allegedly sealed testimony. Nada. It is not there. It does not exist in the appellate record.

There was an interruption during the testimony of the pathologist, the only "scientist" to testify, but it was due to an outburst from a spectator in the courtroom while the pathologist was describing the 19 knife wounds inflicted by Birdwell on Irene Mitchell. The only thing that occurred while the jury was recessed was a motion for a mistrial that was overruled. That was an issue in his direct appeal from his conviction. *Birdwell v. State*, 10-96-00032-CR, slip. op. at 3 (Tex. App.—Waco 1996, pet. ref'd) (not designated for publication).

It seems clear from all the proceedings that Birdwell has filed that he will not stop filing frivolous motions or requests for relief until something changes. We have gone far beyond what we are required to do in a mandamus proceeding to try to explain to Birdwell why the course he is pursuing under Chapter 64 is pointless. He has occupied an inordinate amount of our time and the trial court's time and the trial court clerk's time. We fully understand the trial court's frustration and ultimately his refusal to continue to rule on the numerous repetitive and frivolous motions that Birdwell has filed. While chapter 64 may authorize successive motions, *see Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex. Crim. App. 2006),[2] we believe there comes a point at which a trial court does not abuse its discretion by simply refusing to rule on every

---

[2] We note that the statutory language the Court of Criminal Appeals relied upon in discussing that a successive motion was not prohibited which obviates the need for habeas corpus review of an allegation of ineffective assistance of counsel, has been removed by amendment of the statute. We do not hold that Birdwell is, or was ever, entitled to file a second or successive motion once his motion had been resolved on the merits and appealed under the statue in effect at that time.

motion a litigant may file. *In re Birdwell*, 224 S.W.3d 864, 869-870 (Tex. App.—Waco 2007, orig. proceeding) (Gray, C.J., concurring). We believe Birdwell has arrived at that point.

Birdwell's Petition for a Writ of Mandamus is denied.[3]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Justice Davis concurs without note or opinion)
Petition denied
Opinion delivered and filed December 6, 2012
Publish
[OT06]

---

[3] Birdwell's petition is woefully inadequate in both form and substance. We explained many of the inadequacies in an order on August 9, 2012. Birdwell amended his petition and record. While his second effort is better than the first, it too, is woefully inadequate. The most fundamental shortcoming is that the record simply does not contain the evidence necessary to show that Birdwell is entitled to relief based on an abuse of discretion by the trial court. Further, it does not contain adequate references to legal authorities or the record, nor does it contain sufficient argument to make the connection between the legal authorities, the record, and the relief requested. The form of the petition is also woefully deficient in that it fails to comply with TEX. R. APP. P. 52.3. Given these deficiencies the simplest disposition is to summarily deny the petition without an opinion or explanation as we are authorized to do. TEX. R. APP. P. 52.8(d). However, we have used Rule 2 to overlook these deficiencies and expedite a disposition and have explained our ruling in an effort to cut off Birdwell's seemingly endless flow of motions and petitions. TEX. R. APP. P. 2. We will not be so generous with our resources in the future and will consider the full range of potential sanctions against Birdwell for abuse of the legal process. *See* TEX. GOV'T CODE ANN. § 498.0045 (West 2012) ("Forfeiture of Good Conduct Time: Frivolous Lawsuits").