**DENY; and Opinion Filed March 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-15-00223-CV**

**No. 05-15-00224-CV**

**IN RE JOHN CLOUD, Relator**

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F93-61603-N, F93-61604-N**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Whitehill
Opinion by Justice Brown

Relator filed this petition for writ of mandamus complaining that although he filed a motion for forensic DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure on December 23, 2014, the trial court has not determined whether reasonable grounds exist for the filing of the motion, has not determined whether relator is indigent and has not appointed counsel for the proceeding. TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2014) ("The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent."). Relator was convicted of aggravated sexual assault on a child under age fourteen and sentenced to life imprisonment in each case. *Cloud v. State*, 05-96-00732-CR, 1998 WL 227941, at *1 (Tex. App.—Dallas May 8, 1998, pet. ref'd). We affirmed the convictions. *Id.*

On three previous occasions, this Court has affirmed the trial court's denial of relator's request for forensic DNA testing of the material that is the subject of relator's current motion for forensic DNA testing. *See Cloud v. State*, Nos. 05-13-01235-CR & 05-13-01237-CR, 2014 WL 1413818, at *1 (Tex. App.—Dallas Mar. 26, 2014, pet. ref'd) (mem. op., not designated for publication); *Cloud v. State,* Nos. 05–07–01414–CR & 05–07–01415–CR, 2008 WL 3020817 (Tex. App.—Dallas Aug. 6, 2008, pet. ref'd) (not designated for publication); *Cloud v. State,* Nos. 05–03–01146–CR & 05–03–01162–CR, 2004 WL 1615832 (Tex. App.—Dallas July 20, 2004, pet. ref'd) (mem. op., not designated for publication). The mandamus record does not present a ground for the relief relator seeks. *In re Sims*, No. 05-13-00049-CV, 2013 WL 1273912, at *1 (Tex. App.—Dallas Mar. 15, 2013, orig. proceeding) ("Relator is not entitled to a writ of mandamus requiring the trial court to repeatedly rule on the same motion."); *In re Durden*, No. 14-12-00143-CR, 2012 WL 590815, at *2 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) ("[N]o ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances."); *In re Birdwell*, 393 S.W.3d 886, 893 (Tex. App.—Waco 2012, no pet.) (Gray, C.J. concurring) (denying mandamus compelling ruling on tenth motion for forensic DNA testing). We deny the petition for writ of mandamus.

/Ada Brown/
ADA BROWN
JUSTICE

150223F.P05

–2–