**Denied; and Opinion Filed June 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00634-CV

### IN RE MARTINIANO FLORES, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80171-06**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Evans
Opinion by Justice Evans

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his September 2011 and May 2014 motions for post-conviction forensic DNA testing and for appointment of counsel in connection with his motion for forensic DNA testing. The mandamus record reveals that the trial court signed an order dated November 22, 2011 in which it concluded "no biological evidence secured in relation to the offense currently exists." The trial court further concluded, "[b]ecause no biological evidence secured in relation to the offense currently exists, there are not reasonable grounds for the filing of a post-conviction DNA motion." For those reasons, the trial court denied the motion for post-conviction DNA testing and the motion for appointment of counsel. Relator did not appeal this order.

The mandamus record does not include an order with regard to relator's May 9, 2014 motions. The trial court was not required, however, to rule on this second motion when it had previously concluded that no biological material exists to be tested. Absent exceptional

circumstances, which the mandamus record does not reflect are present in this case, a trial court has no ministerial duty to rule repeatedly on substantively identical motions seeking the same relief. *See In re Birdwell*, 393 S.W.3d 886, 893 (Tex. App.—Waco 2012, no pet.) (denying mandamus compelling ruling on tenth motion for forensic DNA testing); *see also In re Cloud,* No. 05-15-00223-CV, 2015 WL 1021127, at *1 (Tex. App.—Dallas Mar. 6, 2015, orig. proceeding) (trial court no longer required to consider successive motions for forensic DNA testing after Court three times affirmed trial court's denial of motions for forensic DNA testing); *In re Sims*, No. 05-13-00049-CV, 2013 WL 1273912, at *1 (Tex. App.—Dallas Mar. 15, 2013, orig. proceeding) ("Relator is not entitled to a writ of mandamus requiring the trial court to repeatedly rule on the same motion."); *In re Durden*, No. 14-12-00143-CR, 2012 WL 590815, at *2 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) ("[N]o ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances.").

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator has not satisfied these requirements. We deny the petition.

150634F.P05

/David Evans/
_____
DAVID EVANS
JUSTICE

–2–