

## NUMBER 13-15-00539-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE MARK A. ESTRADA

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Mark A. Estrada, proceeding pro se, filed a petition for writ of mandamus on November 16, 2015, through which he seeks to compel the trial court[2] to conduct a hearing and rule on relator's motion for appointment of counsel for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This cause arises from trial court cause number CR-712-08-C in the 139th District Court of Hidalgo County, Texas. The respondent is the Honorable Roberto "Bobby" Flores.

CRIM. PROC. ANN. arts. 64.01, 64.03 (West, Westlaw through 2015 R.S.).[3] We deny the petition for writ of mandamus.

## I. BACKGROUND

Relator was convicted of murder and sentenced to life in prison. In 2009, relator appealed that conviction and sentence. Relator's counsel filed an *Anders* brief on appeal, and appellant filed a pro se brief in response. After review, we concluded that the record did not support any meritorious claims, and we affirmed the trial court's judgment. *See Estrada v. State*, No. 13–09–00493–CR, 2011 WL 3370407, at *1 (Tex. App.—Corpus Christi Aug. 4, 2011, pet. ref'd) (mem. op.) (not designated for publication). The Texas Court of Criminal Appeals refused appellant's petition for discretionary review.

In January 2013, relator, proceeding pro se, filed a petition for writ of mandamus through which he sought to compel the trial court to conduct a hearing and rule on relator's motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. We denied the petition on grounds that relator failed to meet his burden to obtain mandamus relief because, inter alia, the petition was not supported by an appendix or record. *See In re Estrada*, No. 13-13-00064-CR, 2013 WL 485798, at *1 (Tex. App.—Corpus Christi Feb. 5, 2013, orig. proceeding) (mem. op., not designated for publication).

In April 2013, relator again filed a pro se petition for writ of mandamus through which he sought to compel the trial court to conduct a hearing and rule on relator's motions for post-conviction DNA testing and appointment of counsel pursuant to Chapter 64 of the

---

[3] Relator raised the same claims that are at issue in this original proceeding in a previous petition for writ of mandamus. *See In re Estrada*, No. 13-13-00064-CR, 2013 Tex. App. LEXIS 1060, at **1–5 (Tex. App.—Corpus Christi Feb. 5, 2013, orig. proceeding) (per curiam mem. op., not designated for publication). The Court denied that petition on grounds it was defective. *See id.*

2

Texas Code of Criminal Procedure. After relator filed his petition for writ of mandamus, the respondent issued orders denying relator's motions for DNA testing and for the appointment of counsel. Accordingly, we dismissed the petition for writ of mandamus as moot. *See In re Estrada*, No. 13-13-00218-CR, 2013 WL 1896315, at *1 (Tex. App.—Corpus Christi Apr. 26, 2013, orig. proceeding) (mem. op., not designated for publication).

Relator subsequently appealed the trial court's orders denying relator's motions requesting the appointment of counsel and for post-conviction DNA testing. This Court affirmed the trial court's orders denying the requested relief. *See Estrada v. State*, No. 13-13-00283-CR, 2015 WL 1869574, at *1 (Tex. App.—Corpus Christi Apr. 23, 2015, pet. ref'd) (mem. op., not designated for publication). The Court of Criminal Appeals refused relator's petition for discretionary review.

Through the pro se original proceeding filed in this case, relator seeks to compel the trial court to rule on his July 23, 2015 motion for the appointment of counsel to file a motion for post-conviction DNA testing. Relator supports his petition with a file-stamped copy of his motion for the appointment of counsel, his affidavit of indigency, and a September 28, 2015 letter to the trial court coordinator, which is not file-stamped, requesting information regarding the status of relator's motion for the appointment of counsel.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)

3

(orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*.*" *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

### III. APPLICABLE LAW

An indigent convicted person has a "limited right to appointed counsel" for assistance in filing a motion for post-conviction DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Entitlement to appointed counsel is subject to the conditions set out in article 64.01(c). *Id.* Further, Chapter 64 arguably does not prohibit a second, or successive, motion for forensic DNA testing. *See Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006); *Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex. Crim. App .2006).

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.

4

proceeding). A relator must establish the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although a trial judge has a reasonable time to perform the ministerial duty, that duty generally does not arise until the movant has brought the motion to the trial judge's attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

## IV. ANALYSIS

In the instant case, relator's motion for the appointment of counsel and DNA testing was fully adjudicated on the merits and was followed by an appeal of the trial court's denial of DNA testing and the appointment of counsel. The record currently before the Court fails to establish that the motion for appointment of counsel that relator filed in July is substantively different from the previous motion for appointment of counsel that that was addressed by the trial court and was the subject of direct appeal. Relator has neither argued nor shown that this case presents extraordinary or exceptional circumstances that would compel the trial court's consideration of a successive motion for appointment of counsel.

We conclude that relator has not shown that the trial court has abused its discretion in failing to rule on the motion for DNA testing and the appointment of counsel. *See In re Birdwell*, 393 S.W.3d 886, 893 (Tex. App.—Waco 2012, orig. proceeding) ("[W]e believe there comes a point at which a trial court does not abuse its discretion by simply refusing to rule on every motion a litigant may file."); *In re Birdwell*, 224 S.W.3d 864, 870 (Tex. App.—Waco 2007, orig. proceeding) (concurring op. on reh'g) ("no ruling is required in

5

response to a subsequent filing of a motion for DNA testing, if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances"); *see also In re Flores*, No. 05-15-00634-CV, 2015 WL 3492317, at *1 (Tex. App.—Dallas June 3, 2015, orig. proceeding) (mem. op.) ("The trial court was not required, however, to rule on this second motion when it had previously concluded that no biological material exists to be tested" because absent "exceptional circumstances" a "trial court has no ministerial duty to rule repeatedly on substantively identical motions seeking the same relief."); *In re Cloud*, Nos. 05–15–00223–CV & 05-15-00224-CV, 2015 WL 1021127, at *1 (Tex. App.—Dallas Mar. 6, 2015, orig. proceeding) (mem. op.) (denying mandamus relief after court had affirmed the trial court's denial of request for DNA testing on three separate occasions); *In re Olivarez*, 13-13-00435-CR, 2013 WL 4769443, at *3 (Tex. App.—Corpus Christi Sept. 5, 2013, orig. proceeding) (mem. op.) (denying mandamus relief where trial court had previously ruled on request for DNA testing and appointment of counsel ); *In re Sims*, No. 05–13–00049–CV, 2013 WL 1273912, at *1 (Tex. App.—Dallas Mar. 15, 2013, orig. proceeding) (mem. op.) ("Relator is not entitled to a writ of mandamus requiring the trial court to repeatedly rule on the same motion."); *In re Durden*, No. 14–12–00143–CR, 2012 WL 590815, at *2 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) (mem. op.) ("[N]o ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances.").

## V. CONCLUSION

6

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
18th day of November, 2015.