

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-16-00405-CR**

**IN RE DEMARCUS DONTRELL RIDGE**

_____

**Original Proceeding**

_____

## MEMORANDUM OPINION

Demarcus D. Ridge's petition for writ of mandamus was filed with this Court on November 29, 2016. There are numerous procedural deficiencies with the petition, including but not limited to an inadequate record and the failure to serve the trial court as the respondent or the State of Texas as the real party in interest. TEX. R. APP. P. 52.7; 52.2; 9.5(a). However, to expedite a decision in this proceeding, we use Rule 2 to suspend the rules and overlook these and other deficiencies. *See* TEX. R. APP. P. 2.

Ridge contends that on October 17, 2016, he filed a motion with the 54th District Court requesting an order to the clerk of the court to make available grand jury testimony in a particular case or explain why there is no such testimony in the court's file. Ridge

further contends that in response, the court sent Ridge a list of what was contained in the reporter's record which did not include grand jury testimony. Ridge did not include a record with his petition which would contain a file stamped copy of his motion and any response by the court.

The need to consider and rule on a properly filed and presented document is not a discretionary act but a ministerial one, and a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). However, without a record sufficient to show a violation of this duty, we cannot issue a mandamus against the trial court. *See In re Wallace*, No. 10-15-00065-CR, 2015 Tex. App. LEXIS 2682, *2 (Tex. App.—Waco Mar. 19, 2015, orig. proceeding) (mem. op.).

It also appears that Ridge wants the trial court and this Court to grant his motion. An appellate court can only compel a trial court to rule on a pending motion by a writ of mandamus; it cannot compel the trial court to rule in a certain way. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987); *In re Birdwell*, 393 S.W.3d 886, 892 (Tex. App.—Waco 2012, orig. proceeding). Further, in a mandamus proceeding alleging the trial court's failure to rule, we do not render the order or judgment the trial court should have rendered as we do in an appeal. *In re Birdwell*, 393 S.W.3d at 892.

Accordingly, for the reasons discussed, the petition for writ of mandamus is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Pet. denied
Opinion delivered and filed December 7, 2016
Do not publish
[OT06]

