# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00582-CV

### In re Jeffery Allen Whitfield

### ORIGINAL PROCEEDING FROM BELL COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Jeffery Allen Whitfield has filed a petition for writ of mandamus asking this Court to compel the respondent trial court to rule on his pending motion for the appointment of counsel to assist him in filing a post-conviction motion for DNA testing. *See* Tex. Code Crim. Proc. art. 64.01(c).

Mandamus relief will issue to compel the performance of a ministerial act or duty. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). A trial court has a ministerial duty to consider and rule on a properly filed motion within a reasonable time. *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). This includes rulings on motions for DNA testing and the appointment of counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003, orig. proceeding); *see In re Aekins*, No. 03-15-00004-CV, 2015 Tex. App. LEXIS 2258, at *2 (Tex. App.—Austin Mar. 11, 2015, orig. proceeding) (mem. op.). To obtain mandamus relief for the trial court's failure to rule on a motion, a relator must establish that: (1) the motion was properly

filed and has been pending for a reasonable amount of time, (2) the relator requested a ruling on the motion, and (3) the trial court has failed or refused to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). In addition, the relator must show that the trial court received, was aware of, and was asked to rule on the motion. *Id.*; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

The record establishes that on May 21, 2019, Whitfield filed the motion for appointment of counsel that is the subject of this original proceeding.[1] On August 9, 2019, the court coordinator for the 27th District Court of Bell County sent a letter to Whitfield informing him that the trial court had received his letter "requesting a ruling on [his] Motion for Request for Appointment of Counsel" and that "the Court has no jurisdiction or authority to grant your request."

On January 6, 2020, the trial court filed with the Clerk of this Court a written response to Whitfield's petition for mandamus relief. In its response, the trial court explains that it declined to rule on Whitfield's motion for appointment of counsel "because [Whitfield] had filed no new motion for DNA testing and the court had previously found that identity was not in issue." To the extent that the trial court suggests that Whitfield's motion for appointment of counsel was not properly filed because it was not accompanied by a motion for DNA testing, we disagree that Chapter 64 has such a filing requirement. In fact, the apparent purpose of having counsel appointed is to assist the convicted person in the preparation and filing of his or her

---

[1] Whitfield also filed a motion for appointment of counsel in June 2018. Whitfield later filed a petition for writ to mandamus requesting that this Court compel the trial court to rule on that motion, which we denied on the ground that the motion had not been pending for an unreasonable length of time. *See In re Whitfield*, No. 03-18-00564-CV, 2018 Tex. App. LEXIS 6979, at *1 (Tex. App.—Austin Aug. 29, 2018, orig. proceeding) (mem. op.). Nothing in the record, or in

2

motion for DNA testing. *See* Tex. Code Crim. Proc. art. 64.01(c) (providing that "convicted person" is entitled to counsel in chapter 64 proceeding if, among other requirements, "the person informs the court that the person wishes to submit a motion [under chapter 64]").

The State, the real party in interest, has also filed a written response to Whitfield's petition in this Court. In its response, the State points out that Whitfield, representing himself pro se, filed a motion for DNA testing in November 2017 and again in February 2018, and that both motions for DNA testing were denied by the trial court before Whitfield filed his motion for appointment of counsel. The State contends that the trial court's rulings on Whitfield's pro se motions for DNA testing relieved the trial court of its duty to rule on his subsequently filed motion for appointment of counsel. *See In re Birdwell*, 393 S.W.3d 886, 893 (Tex. App.—Waco 2012, orig. proceeding) (explaining that "there comes a point at which a trial court does not abuse its discretion by simply refusing to rule on every motion a litigant may file"); *see also In re Flores*, No. 05-15-00634-CV, 2015 Tex. App. LEXIS 5608, at *1 (Tex. App.—Dallas June 3, 2015, orig. proceeding) (mem. op.) ("[T]rial court has no ministerial duty to rule repeatedly on substantively identical motions seeking the same relief."). Assuming without deciding that under certain circumstances, a trial court does not have a duty to rule on successive Chapter 64 motions, *but see Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006) ("Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing . . . ."), because a motion for DNA testing and a motion for appointment of counsel are not substantively the same, and because no motion for appointment of counsel has ever been fully adjudicated on the merits in this

the written responses filed by the State and the trial court in this proceeding, suggests that the trial court has ever ruled on Whitfield's 2018 motion for appointment of counsel.

3

case, we disagree with the State's assertion that the trial court did not have a duty to rule on Whitfield's pending motion for appointment of counsel.

The record before us establishes that the trial court is aware of Whitfield's motion for appointment of counsel but has failed to rule on that motion, despite Whitfield's request that it do so, and that the motion has been pending for a reasonable time, more than nine months. We conditionally grant the petition for writ of mandamus and instruct the trial court to rule on Whitfield's motion for appointment of counsel.[2] The writ will issue only if the trial court fails to comply with this opinion within thirty days.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: April 22, 2020

---

[2] We express no opinion on how the trial court should rule on the merits of Whitfield's motion for appointment of counsel and instead conclude only that it has a duty to rule on the motion. *See In re Birdwell*, 393 S.W.3d 886, 893 (Tex. App.—Waco 2012, orig. proceeding) ("An appellate court can only compel a trial court to rule on a pending motion by a writ of mandamus; it cannot compel the trial court to rule in a certain way.").