

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00287-CR

**BENJAMIN ALAN MORRISON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2010-997-C1

## CONCURRING OPINION

This is yet another example of a Chapter 64 motion being disposed of on the procedure, rather than the merits, thus foreclosing the use of "law of the case" doctrine from being a defense to future Chapter 64 motions until the defendant/movant/appellant gets the motion right. *See State v. Swearingen*, 478 S.W.3d 716, 723 (Tex. Crim. App. 2015); *State v. Swearingen*, 424 S.W.3d 32, 37-38 (Tex. Crim. App. 2014). *See also Webb v. State*, 10-18-00170-CR, 2021 LEXIS 8527 (Tex. App.—Waco October 20, 2021, no pet. h.) (mem. op.) (Gray, C.J., concurring). There is no suggestion in this

record that the trial court performed the duty to comply with Section 64.02 of the Texas Code of Criminal Procedure other than an inference that could be drawn from the fact that the State did file a response to the motion for Chapter 64 DNA testing. But the strength of that inference, if any, is diminished because the State did not do what section 64.02 required the State to do when notified of the filing of a motion for DNA testing.

When the motion is filed, the statute requires the trial court to provide a copy of the motion to the attorney representing the State, hereinafter the DA. TEX. CODE CRIM. PROC. § 64.02 (a)(1). The DA is required by the statute to:

> …take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:
>
> > (A) deliver the evidence to the court, along with a description of the condition of the evidence; or
> >
> > (B) explain in writing to the court why the state cannot deliver the evidence to the court.

*Id.* (a)(2).

The response received was not the response required of the DA.

Rather, the response filed by the DA mostly addressed the procedural aspects of the motion. Essentially, it asserts that the motion is inadequate to get Morrison over the first hurdle. If Morrison gets over that first hurdle, the trial court could then address the actual merits of the Chapter 64 motion for DNA testing. After that, future Chapter 64 motions could be subject to the law of the case doctrine. However, until a decision is made on the merits, Morrison can continue to file Chapter 64 motions until he gets it procedurally correct. *See In re Birdwell*, 393 S.W.3d 886, 893 n. 2 (Tex. App.—Waco 2012,

orig. proceeding) ("We do not hold that Birdwell is, or was ever, entitled to file a second or successive motion once his motion had been resolved on the merits and appealed under the statue in effect at that time."). And until the DA files the response required by the statute, that is a journey that we cannot even start.

I respectfully concur only in the judgment of the Court.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed November 10, 2021

